John L. North (*pro hac vice*)
Cherian LLP
1930 Morrison Drive
Decatur, GA 30033
(202) 838-1570
Email: johnn@cherianllp.com

Michael Woods (*pro hac vice*)
Cherian LLP
1901 L Street NW, Suite 700
Washington, DC 20036
(202) 838-1570
Email: michaelw@cherianllp.com

Korula T. Cherian (SBN 133967)
Robert M. Harkins, Jr. (SBN 179525)
Cherian LLP
2001 Addison St, Ste 275
Berkeley, CA 94704
(510) 944-0185
Email: sunnyc@cherianllp.com
Email: bobh@cherianllp.com

*Attorneys for Plaintiff*
*R.N Nehushtan Trust Ltd*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

R.N NEHUSHTAN TRUST LTD.,

      Plaintiff,

  v.

APPLE INC.

      Defendant.

Case No. 3:22-cv-01832-WHO

**PLAINTIFF R.N NEHUSHTAN TRUST LTD.'S NOTICE OF APPEAL**

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: *Kim Means*
Deputy Clerk
Date: May 6, 2024

Notice is hereby given that Plaintiff R.N Nehushtan Trust Ltd. ("RNN Trust") in the above-named case, hereby appeals to the United States Court of Appeals for the Federal Circuit from:

- The CLERK'S JUDGMENT entered in this action on March 13, 2024 (Dkt. 226);

- the ORDER (Dkt. 221) granting Defendant's Motion for Summary Judgment on All Claims, dated March 12, 2024 (sealed);

- the CLAIM CONSTRUCTION ORDER (Dkt. 85), dated April 4, 2023; and

- the Minute Entry/Order for Motion hearing granting Motion to Strike Certain Opinions of Dr. Cole (Dkt. 149), dated November 15, 2023

The appropriate fees for this Notice of Appeal are paid currently. RNN Trust notes that if it prevails in its appeal and any subsequent district court proceedings then RNN Trust would be entitled to a refund of any costs paid pursuant to Apple's Bill of Costs.

DATED: April 11, 2024

/s/John L. North
John L. North (*pro hac vice*)
Cherian LLP
1930 Morrison Drive
Decatur, GA 30033
Email: johnn@cherianllp.com

Korula T. Cherian (SBN 133967)
Robert M. Harkins, Jr. (SBN 179525)
Cherian LLP
2001 Addison St, Ste 275
Berkeley, CA 94704
(510) 944-0185
Email: sunnyc@ruyakcherian.com
Email: bobh@ruyakcherian.com

Michael Woods (*pro hac vice*)
Cherian LLP
1901 L Street NW, Suite 700
Washington, DC 20036
(202) 838-1570
Email: michaelw@cherianllp.com

*Attorneys for Plaintiff R.N Nehushtan Trust Ltd.*

NOTICE OF APPEAL
3:22-CV-01832-WHO

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served this 11th day of April 2024 with a copy of this document via the Court's EM/ECF system.

_/s/ John L. North_
John L. North
Georgia Bar No. 545580

*Attorney for Plaintiff*

NOTICE OF APPEAL
3:22-CV-01832-WHO

ADRMOP,AO279,APPEAL,CLOSED,MEDTERM,PRVADR,REFSET–AGT

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:22–cv–01832–WHO
### *Internal Use Only*

| | | | |
|---|---|---|---|
| R.N Nehushtan Trust Ltd. v. Apple Inc. | | Date Filed: 03/23/2022 | |
| Assigned to: Judge William H. Orrick | | Date Terminated: 03/12/2024 | |
| Referred to: Magistrate Judge Alex G. Tse (Settlement) | | Jury Demand: Both | |
| Cause: 35:271 Patent Infringement | | Nature of Suit: 830 Patent | |
| | | Jurisdiction: Federal Question | |

| Hearings | Dates | Deadlines | Dates |
|---|---|---|---|
| | | Objections to Deadline (227) | 04/10/2024 |
| | | Redacted Transcript Deadline (223) | 04/10/2024 |
| | | Appeal Record Deadline (229) | 05/13/2024 |
| | | Release of Transcript Restrict (222) | 06/11/2024 |

**Plaintiff**

**R.N Nehushtan Trust Ltd.**                    represented by    **John Lincoln North**
Cherian LLP
1901 L St. NW
Ste 700
Washington, DC 20036
202–838–1570
Email: johnn@cherianllp.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Korula T. Cherian**
Cherian LLP
2001 Addison St
Ste 275
Berkeley, CA 94704
202–838–1562
Email: sunnyc@cherianllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David K. Ludwig**
Hill, Kertscher &Wharton
3625 Cumberland Blvd.
Suite 1050
Atlanta, GA 30339
770–953–0995
Email: dludwig@hkw–law.com
*TERMINATED: 04/12/2024*
*PRO HAC VICE*

**Dmitriy S. Andreyev**
Flagship Ip, P.C.
9520 Kenneth Ave
Skokie, IL 60076
617–718–3600
Email: dandreyev@flagshipip.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**James Michael Woods**
Cherian LLP
1901 L Street NW Suite 700
Washington, DC 20036
202–953–8510

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: *Kim Means*
Deputy Clerk
Date: May 6, 2024

Email: michaelw@cherianllp.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Martha L. Decker**
Hill, Kertscher and Wharton
3350 Riverwood Parkway
Suite 800
Atlanta, GA 30339
770–953–0995
Email: md@hkw–law.com
*TERMINATED: 12/05/2022*
*PRO HAC VICE*

**Steven Grant Hill**
Hill, Kertscher & Wharton, LLP
3625 Cumberland Blvd, SE
Suite 1050
30339, Suite 800
Atlanta, GA 30339
770–953–0995
Email: sgh@hkw–law.com
*TERMINATED: 04/12/2024*
*PRO HAC VICE*

**Robert Michael Harkins , Jr**
Cherian LLP
2001 Addison St
Ste 275
Berkeley
Berkeley, CA 94704
510–944–0187
Email: bobh@cherianllp.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Apple Inc.**                    represented by    **Roger Alen Denning**
12860 El Camino Real
Suite 400
San Diego, CA 92130
858–678–5070
Fax: 858–678–5099
Email: denning@fr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dexter Whitley**
Fish & Richardson P.C.
1180 Peachtree St. NE
Ste 21st Fl
Atlanta, GA 30309
404–892–5005
Email: whitley@fr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeanel Nicole Sunga**
Fish and Richardson PC
500 Arguello Street, Suite 400
Redwood City, CA 94063
650–839–5070
Fax: 650–839–5071

Email: sunga@fr.com
*ATTORNEY TO BE NOTICED*

**Jeffrey Todd Quilici**
Orrick, Herrington & Sutcliffe LLP
Sca
300 W. 6th St.
Suite 1850
Austin, TX 78701
512–582–6916
Email: jquilici@orrick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**John Winston Thornburgh**
Fish & Richardson – John Thornburgh
12860 El Camino Real
Suite 400
San Diego, CA 92130
858–678–5070
Fax: 858–678–5099
Email: thornburgh@fr.com
*ATTORNEY TO BE NOTICED*

**Joshua Hain Park**
Fish & Richardson P.C.
909 Fannin Street
Suite 2100
Houston, TX 77010
713–654–5335
Email: jpark@fr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joy Backer Kete**
Fish and Richardson PC
One Marina Park Drive
Boston, MA 02210
617–542–5070
Fax: 617–542–8906
Email: kete@fr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karrie Wheatley**
909 Fannin St
Suite 2100
Houston, TX 77010
512–779–2902
Email: wheatley@fr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine D. Prescott**
Fish & Richardson
500 Arguello Street
Ste 400
Redwood City, CA 94603
650–839–5070
Email: prescott@fr.com
*ATTORNEY TO BE NOTICED*

**Kathryn Ann Quisenberry**
Fish & Richardson
909 Fannin Street

Ste 2100
Houston, TX 77010
713–654–5300
Email: quisenberry@fr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Justin Schletzbaum**
Shook, Hardy and Bacon L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108
816–474–6550
Fax: 816–421–5547
Email: rschletzbaum@shb.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Counter–claimant**

**Apple Inc.**                    represented by **Roger Alen Denning**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dexter Whitley**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeanel Nicole Sunga**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Joshua Hain Park ,**
Fish & Richardson P.C.

909 Fannin Street
Suite 2100

Houston, TX 77010
713–654–5335
Fax:
Email: jpark@fr.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joy Backer Kete**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Karrie Wheatley**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine D. Prescott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Ann Quisenberry**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter–defendant**

**R.N Nehushtan Trust Ltd.**                represented by  **John Lincoln North**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Korula T. Cherian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David K. Ludwig**
(See above for address)
*TERMINATED: 04/12/2024*
*PRO HAC VICE*

**Martha L. Decker**
(See above for address)
*TERMINATED: 12/05/2022*
*PRO HAC VICE*

**Steven Grant Hill**
(See above for address)
*TERMINATED: 04/12/2024*
*PRO HAC VICE*

**Robert Michael Harkins , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/23/2022 | 1 | COMPLAINT with Jury Demand against Apple Inc. ( Filing fee $ 402, receipt number ACANDC–17019324.). Filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Civil Cover Sheet)(Harkins, Robert) (Filed on 3/23/2022) Modified on 3/24/2022 (anj, COURT STAFF). (Entered: 03/23/2022) |
| 03/23/2022 | 2 | Proposed Summons. (Harkins, Robert) (Filed on 3/23/2022) (Entered: 03/23/2022) |
| 03/23/2022 | 3 | REPORT on the filing or determination of an action regarding *Patent Infringement* (cc: form mailed to register). (Harkins, Robert) (Filed on 3/23/2022) (Entered: 03/23/2022) |
| 03/23/2022 | 4 | Certificate of Interested Entities by R.N Nehushtan Trust Ltd. (Harkins, Robert) (Filed on 3/23/2022) (Entered: 03/23/2022) |
| 03/23/2022 | 5 | Case assigned to Magistrate Judge Laurel Beeler.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E–Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 4/6/2022. (anj, COURT STAFF) (Filed on 3/23/2022) (Entered: 03/23/2022) |
| 03/23/2022 | 6 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by R.N Nehushtan Trust Ltd... (Harkins, Robert) (Filed on 3/23/2022) (Entered: 03/23/2022) |
| 03/23/2022 | 7 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a |

| | | |
|---|---|---|
| | | District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE–NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (ejk, COURT STAFF) (Filed on 3/23/2022) (Entered: 03/23/2022) |
| 03/23/2022 | 8 | **ORDER REASSIGNING CASE. Case reassigned using a proportionate, random, and blind system pursuant to General Order No. 44 to Judge William H. Orrick for all further proceedings. Magistrate Judge Laurel Beeler no longer assigned to case, Notice: The assigned judge participates in the Cameras in the Courtroom Pilot Project. See General Order No. 65 and http://www.uscourts.gov/cameras.. Signed by Clerk on 03/23/2022. (Attachments: # 1 Notice of Eligibility for Video Recording)(mbc, COURT STAFF) (Filed on 3/23/2022) (Entered: 03/23/2022)** |
| 03/24/2022 | | Electronic filing error. Names of interested entities or person MUST be entered at the prompt. This filing will not be processed by the clerks office.<br><br>Re: 4 Certificate of In terested Entities filed by R.N Nehushtan Trust Ltd. (anj, COURT STAFF) (Filed on 3/24/2022) (Entered: 03/24/2022) |
| 03/24/2022 | | Electronic filing error. Incorrect Clerks name on form– Please update to the new Clerk of Court: **Mark B. Busby** and refile.<br><br>Re: 3 Patent/Trademark Report filed by R.N Nehushtan Trust Ltd. (Entered: 03/24/2022) |
| 03/24/2022 | | Electronic filing error. Incorrect Bar number on Documents: Attorney– KORULA T. CHERIAN, please update your Bar number on all future filings.<br><br>Re: 1 Complaint, filed by R. N Nehushtan Trust Ltd. (anj, COURT STAFF) (Filed on 3/24/2022) (Entered: 03/24/2022) |
| 03/24/2022 | 9 | Summons Issued as to Apple Inc.. (anj, COURT STAFF) (Filed on 3/24/2022) (Entered: 03/24/2022) |
| 03/24/2022 | 10 | **Initial Case Management Scheduling Order with ADR Deadlines: Case Management Statement due by 6/16/2022. Initial Case Management Conference set for 6/23/2022 11:00 AM in San Francisco, Courtroom B, 15th Floor. (anj, COURT STAFF) (Filed on 3/24/2022) (Entered: 03/24/2022)** |
| 03/24/2022 | 11 | REPORT on the filing or determination of an action regarding *Patent Infringement* (cc: form mailed to register). (Harkins, Robert) (Filed on 3/24/2022) (Entered: 03/24/2022) |
| 03/24/2022 | 12 | **CASE MANAGEMENT CONFERENCE ORDER – Case Management Conference set for 6/28/2022 02:00 PM via Videoconference. Case Management Statement due by 6/21/2022. Signed by Judge William H. Orrick on 03/24/2022. (jmd, COURT STAFF) (Filed on 3/24/2022) (Entered: 03/24/2022)** |
| 04/04/2022 | 13 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–17053706.) filed by R.N Nehushtan Trust Ltd.. (North, John) (Filed on 4/4/2022) (Entered: 04/04/2022) |
| 04/04/2022 | 14 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–17053770.) filed by R.N Nehushtan Trust Ltd.. (Hill, Steven) (Filed on 4/4/2022) (Entered: 04/04/2022) |
| 04/04/2022 | 15 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–17053811.) filed by R.N Nehushtan Trust Ltd.. (Decker, Martha) (Filed on 4/4/2022) (Entered: 04/04/2022) |

| | | |
|---|---|---|
| 04/05/2022 | 16 | CERTIFICATE OF SERVICE by R.N Nehushtan Trust Ltd. (Harkins, Robert) (Filed on 4/5/2022) (Entered: 04/05/2022) |
| 04/05/2022 | 17 | **Order by Judge William H. Orrick granting 13 Motion for Pro Hac Vice by John L. North. (jmd, COURT STAFF) (Filed on 4/5/2022) (Entered: 04/05/2022)** |
| 04/05/2022 | 18 | **Order by Judge William H. Orrick granting 14 Motion for Pro Hac Vice by Steven G. Hill. (jmd, COURT STAFF) (Filed on 4/5/2022) (Entered: 04/05/2022)** |
| 04/05/2022 | 19 | **Order by Judge William H. Orrick granting 15 Motion for Pro Hac Vice by Martha L. Decker. (jmd, COURT STAFF) (Filed on 4/5/2022) (Entered: 04/05/2022)** |
| 04/13/2022 | 20 | NOTICE of Appearance by Katherine D. Prescott *on behalf of Apple Inc.* (Prescott, Katherine) (Filed on 4/13/2022) (Entered: 04/13/2022) |
| 04/13/2022 | 21 | Certificate of Interested Entities by Apple Inc. *and Corporate Disclosure Statement* (Prescott, Katherine) (Filed on 4/13/2022) (Entered: 04/13/2022) |
| 04/13/2022 | 22 | ***DISREGARD, RE–FILED AT DOCKET NO. 23 ***STIPULATION *Extending Time To Answer Or Otherwise Respond To Complaint* filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott)(Prescott, Katherine) (Filed on 4/13/2022) Modified on 4/15/2022 (bns, COURT STAFF). (Entered: 04/13/2022) |
| 04/14/2022 | 23 | STIPULATION *(Corrected) Extending Time To Answer Or Otherwise Respond To Complaint* filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott)(Prescott, Katherine) (Filed on 4/14/2022) (Entered: 04/14/2022) |
| 04/26/2022 | 24 | MOTION for leave to appear in Pro Hac Vice *of Joy Kete* ( Filing fee $ 317, receipt number ACANDC–17118426.) filed by Apple Inc.. (Attachments: # 1 Certificate of Good Standing)(Kete, Joy) (Filed on 4/26/2022) (Entered: 04/26/2022) |
| 04/26/2022 | 25 | MOTION for leave to appear in Pro Hac Vice *of Kathryn Quisenberry* ( Filing fee $ 317, receipt number ACANDC–17118609.) filed by Apple Inc.. (Attachments: # 1 Certificate of Good Standing)(Quisenberry, Kathryn) (Filed on 4/26/2022) (Entered: 04/26/2022) |
| 05/04/2022 | 26 | **Order by Judge William H. Orrick granting 25 Motion for Pro Hac Vice by Kathryn Quisenberry. (jmd, COURT STAFF) (Filed on 5/4/2022) (Entered: 05/04/2022)** |
| 05/04/2022 | 27 | **Order by Judge William H. Orrick granting 24 Motion for Pro Hac Vice by Joy B. Kete. (jmd, COURT STAFF) (Filed on 5/4/2022) (Entered: 05/04/2022)** |
| 05/23/2022 | 28 | MOTION to Dismiss filed by Apple Inc.. Motion Hearing set for 6/29/2022 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 6/6/2022. Replies due by 6/13/2022. (Attachments: # 1 Proposed Order)(Prescott, Katherine) (Filed on 5/23/2022) (Entered: 05/23/2022) |
| 06/06/2022 | 29 | OPPOSITION/RESPONSE (re 28 MOTION to Dismiss ) filed byR.N Nehushtan Trust Ltd.. (North, John) (Filed on 6/6/2022) (Entered: 06/06/2022) |
| 06/07/2022 | 30 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options *of Apple Inc.* (Prescott, Katherine) (Filed on 6/7/2022) (Entered: 06/07/2022) |
| 06/07/2022 | 31 | ADR Certification (ADR L.R. 3–5 b) of discussion of ADR options *of R.N Nehushtan Trust Ltd.* (North, John) (Filed on 6/7/2022) (Entered: 06/07/2022) |
| 06/13/2022 | 32 | CLERK'S NOTICE – Case Management Conference reset for 6/29/2022 02:00 PM in San Francisco, Courtroom 02, 17th Floor (to coincide with motion hearing). *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 6/13/2022) Modified on 6/13/2022 to correct hearing date (jmd, COURT STAFF). (Entered: 06/13/2022) |
| 06/13/2022 | | Reset Hearing – Case Management Conference set for 6/29/2022 02:00 PM in San Francisco, Courtroom 02, 17th Floor. (jmd, COURT STAFF) (Filed on 6/13/2022) (Entered: 06/13/2022) |
| 06/13/2022 | 33 | REPLY (re 28 MOTION to Dismiss ) *In Support of its Motion to Dismiss* filed byApple Inc.. (Prescott, Katherine) (Filed on 6/13/2022) (Entered: 06/13/2022) |

| 06/21/2022 | 34 | CLERKS NOTICE SETTING ZOOM HEARING – The Motion Hearing and Case Management Conference set for 6/29/2022 02:00 PM will be held via Zoom webinar. **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/who **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photogr aphing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. **Zoom Guidance and Setup:** http s://www.cand.uscourts.gov/zoom/. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 6/21/2022) (Entered: 06/21/2022) |
|---|---|---|
| 06/21/2022 | 35 | Joint Case Management Statement and Proposed Order filed by R.N Nehushtan Trust Ltd.. and Apple Inc. (North, John) (Filed on 6/21/2022) Modified on 6/22/2022 (anj, COURT STAFF). (Entered: 06/21/2022) |
| 06/21/2022 | | (Court only) ***Deadlines terminated. 35 Case Management Statement filed by R.N Nehushtan Trust Ltd., Apple Inc.. (anj, COURT STAFF) (Filed on 6/21/2022) (Entered: 06/22/2022) |
| 06/29/2022 | 36 | STIPULATION and Proposed Order selecting Mediation by Apple Inc. filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Quisenberry, Kathryn) (Filed on 6/29/2022) Modified on 6/30/2022 (anj, COURT STAFF). (Entered: 06/29/2022) |
| 06/29/2022 | 37 | **Minute Entry for proceedings before Judge William H. Orrick: Motion Hearing held on 6/29/2022 re 28 MOTION to Dismiss. Total Time in Court: 6 minutes. Court Reporter: Candy Potter. (jmd, COURT STAFF) (Date Filed: 6/29/2022) (Entered: 07/01/2022)** |
| 07/01/2022 | 38 | TRANSCRIPT ORDER for proceedings held on 06/29/2022 before Judge William H. Orrick by Apple Inc., for Court Reporter Candy L. Potter. (Prescott, Katherine) (Filed on 7/1/2022) (Entered: 07/01/2022) |
| 07/06/2022 | 39 | **Order by Judge William H. Orrick denying 28 Motion to Dismiss. (jmd, COURT STAFF) (Filed on 7/6/2022) (Entered: 07/06/2022)** |
| 07/07/2022 | 40 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–17328924.) Filing fee previously paid on 7/7/2022 filed by R.N Nehushtan Trust Ltd.. (Ludwig, David) (Filed on 7/7/2022) (Entered: 07/07/2022) |
| 07/07/2022 | 41 | TRANSCRIPT ORDER for proceedings held on 06/29/2022 before Judge William H. Orrick by R.N Nehushtan Trust Ltd., for Court Reporter Candy L. Potter. (North, John) (Filed on 7/7/2022) (Entered: 07/07/2022) |
| 07/08/2022 | 42 | **Order by Judge William H. Orrick granting 36 Stipulation selecting Mediation. (jmd, COURT STAFF) (Filed on 7/8/2022) (Entered: 07/08/2022)** |
| 07/08/2022 | 43 | **ORDER REGARDING CASE SCHEDULE – Claims Construction Hearing set for 3/3/2023 10:00 AM via videoconference. On 2/17/2023 technology tutorial presentations should be lodged with chambers. Signed by Judge William H. Orrick on 07/08/2022. (jmd, COURT STAFF) (Filed on 7/8/2022) (Entered: 07/08/2022)** |
| 07/08/2022 | | CASE REFERRED to Mediation. (af, COURT STAFF) (Filed on 7/8/2022) (Entered: 07/08/2022) |
| 07/11/2022 | 44 | **Order by Judge William H. Orrick granting 40 Motion for Pro Hac Vice by David K. Ludwig. (jmd, COURT STAFF) (Filed on 7/11/2022) (Entered: 07/11/2022)** |
| 07/20/2022 | 45 | ANSWER to Complaint with Jury Demand *Affirmative Defenses and*, COUNTERCLAIM against R.N Nehushtan Trust Ltd. byApple Inc.. (Prescott, Katherine) (Filed on 7/20/2022) (Entered: 07/20/2022) |

| | | |
|---|---|---|
| 08/10/2022 | 46 | ANSWER TO COUNTERCLAIM *and Affirmative Defenses* byR.N Nehushtan Trust Ltd.. (North, John) (Filed on 8/10/2022) (Entered: 08/10/2022) |
| 09/01/2022 | 47 | Stipulation and Order re: Discovery of electronically stored information filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (North, John) (Filed on 9/1/2022) Modified on 9/2/2022 (anj, COURT STAFF). (Entered: 09/01/2022) |
| 09/07/2022 | 48 | **Order by Judge William H. Orrick denying 47 Stipulation re: Discovery of Electronically Stored Information. (jmd, COURT STAFF) (Filed on 9/7/2022) (Entered: 09/07/2022)** |
| 09/09/2022 | 49 | STIPULATION Extending Time For Invalidity Contentions Under LPR 3−3 And Exchange Of Proposed Terms For Construction Under LPR 4−1 filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of Joy Kete)(Kete, Joy) (Filed on 9/9/2022) Modified on 9/12/2022 (anj, COURT STAFF). (Entered: 09/09/2022) |
| 09/09/2022 | 50 | NOTICE of Appearance by Jeanel Nicole Sunga *for Apple Inc.* (Sunga, Jeanel) (Filed on 9/9/2022) (Entered: 09/09/2022) |
| 09/13/2022 | 51 | Proposed Order re 49 Stipulation, *Extending Time For Invalidity Contentions Under LPR 3−3 And Exchange Of Proposed Terms For Construction Under LPR 4−1* by Apple Inc.. (Kete, Joy) (Filed on 9/13/2022) (Entered: 09/13/2022) |
| 09/13/2022 | 52 | **ORDER GRANTING 51 STIPULATION EXTENDING TIME FOR INVALIDITY CONTENTIONS UNDER LPR 3−3 AND EXCHANGE OF PROPOSED TERMS FOR CONSTRUCTION UNDER LPR 4−1. Signed by Judge William H. Orrick on 09/11/2022. (jmd, COURT STAFF) (Filed on 9/13/2022) (Entered: 09/13/2022)** |
| 09/16/2022 | 53 | Joint Stipulation regarding Stipulated Protective Order filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # 1 Affidavit of Joy Kete, # 2 Exhibit 1, # 3 Proposed Order)(Kete, Joy) (Filed on 9/16/2022) Modified on 9/19/2022 (anj, COURT STAFF). (Entered: 09/16/2022) |
| 09/21/2022 | 54 | Stipulation regarding Stipulation & Order re: discovery of electronically stored information filed by Apple Inc. and R.N. Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of Joy Kete, # 2 Exhibit 1 to Declaration of Kete, # 3 Proposed Order (Stipulation & Order Re: Discovery Of Electronically Stored Information), # 4 Exhibit A to Proposed Order (Stipulation & Order Re: Discovery Of Electronically Stored Information))(Kete, Joy) (Filed on 9/21/2022) Modified on 9/22/2022 (anj, COURT STAFF). (Entered: 09/21/2022) |
| 10/03/2022 | 55 | **ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION by Judge William H. Orrick granting 54 Stipulation. (jmd, COURT STAFF) (Filed on 10/3/2022) (Entered: 10/03/2022)** |
| 10/06/2022 | 56 | **Stipulated Protective Order by Judge William H. Orrick granting 53 Stipulation. (jmd, COURT STAFF) (Filed on 10/6/2022) (Entered: 10/06/2022)** |
| 10/12/2022 | 57 | R.N Nehushtan Trust Ltd.'s Notice of Motion and Unopposed Motion for Leave to Amend Infringement Contentions Pursuant to Patent Local Rule 3−6 filed by R.N Nehushtan Trust Ltd.. Motion Hearing set for 11/30/2022 02:00 PM in San Jose, − Videoconference Only before Judge William H. Orrick. Responses due by 10/26/2022. Replies due by 11/2/2022. (Attachments: # 1 Declaration of John L. North, # 2 Proposed Order)(North, John) (Filed on 10/12/2022) Modified on 10/13/2022 (anj, COURT STAFF). (Entered: 10/12/2022) |
| 10/26/2022 | 58 | OPPOSITION/RESPONSE (re 57 MOTION to Amend/Correct *(R.N Nehushtan Trust Ltd.'s Notice of Motion and Unopposed Motion for Leave to Amend Infringement Contentions Pursuant to Patent Local Rule 3−6)* ) *(Statement Of Non−Opposition To Plaintiffs Motion For Leave To Amend Its Infringement Contentions)* filed by Apple Inc.. (Quisenberry, Kathryn) (Filed on 10/26/2022) Modified on 10/27/2022 (anj, COURT STAFF). (Entered: 10/26/2022) |
| 10/28/2022 | 59 | **ORDER GRANTING UNOPPOSED 57 MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS by Judge William H. Orrick. RNN Trust shall serve its amended infringement contentions within three days of the issuance** |

| | | |
|---|---|---|
| | | of this Order. (jmd, COURT STAFF) (Filed on 10/28/2022) (Entered: 10/28/2022) |
| 11/18/2022 | 60 | Joint Claim Construction and Pre–Hearing Statement filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (North, John) (Filed on 11/18/2022) Modified on 11/21/2022 (anj, COURT STAFF). (Entered: 11/18/2022) |
| 11/28/2022 | 61 | MOTION to Stay Pending Inter Partes Review filed by Apple Inc.. Motion Hearing set for 1/4/2023 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 12/12/2022. Replies due by 12/19/2022. (Attachments: # 1 Declaration of Kathryn Quisenberry, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Proposed Order)(Quisenberry, Kathryn) (Filed on 11/28/2022) Modified on 11/29/2022 (anj, COURT STAFF). (Entered: 11/28/2022) |
| 11/29/2022 | 62 | ADR Clerk's Notice Appointing Stephen H. Sulmeyer, J.D., Ph.D. as Mediator. (af, COURT STAFF) (Filed on 11/29/2022) (Entered: 11/29/2022) |
| 11/29/2022 | 63 | Amended Declaration of Kathryn Quisenberry in Support of 61 MOTION to Stay Pending Inter Partes Review filed byApple Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Related document(s) 61 ) (Quisenberry, Kathryn) (Filed on 11/29/2022) Modified on 11/29/2022 (anj, COURT STAFF). (Entered: 11/29/2022) |
| 12/01/2022 | 64 | Stipulation Extending Time For Responsive Damages Contentions Under L.P.R. 3–9 with Proposed Order filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of Kathryn Quisenberry, # 2 Proposed Order)(Quisenberry, Kathryn) (Filed on 12/1/2022) Modified on 12/1/2022 (anj, COURT STAFF). (Entered: 12/01/2022) |
| 12/04/2022 | 65 | **ORDER GRANTING 64 STIPULATION EXTENDING TIME FOR RESPONSIVE DAMAGES CONTENTIONS UNDER L.P.R. 3–9 by Judge William H. Orrick. (jmd, COURT STAFF) (Filed on 12/4/2022) (Entered: 12/04/2022)** |
| 12/05/2022 | 66 | NOTICE of Substitution of Counsel by John Lincoln North *(Notice of Substitution of Counsel regarding Martha L Decker)* (North, John) (Filed on 12/5/2022) (Entered: 12/05/2022) |
| 12/05/2022 | | (Court only) *** Attorney Martha L. Decker terminated. Per notice at docket no. 66 . (anj, COURT STAFF) (Filed on 12/5/2022) (Entered: 12/06/2022) |
| 12/12/2022 | 67 | OPPOSITION/RESPONSE (re 61 MOTION to Stay Pending Inter Partes Review ) filed byR.N Nehushtan Trust Ltd.. (Attachments: # 1 Exhibit A – Declaration of John L. North, # 2 Exhibit B – PTAB Stats)(North, John) (Filed on 12/12/2022) (Entered: 12/12/2022) |
| 12/19/2022 | 68 | REPLY (re 61 MOTION to Stay Pending Inter Partes Review ) filed byApple Inc.. (Attachments: # 1 Declaration of Kathryn Quisenberry)(Quisenberry, Kathryn) (Filed on 12/19/2022) (Entered: 12/19/2022) |
| 12/20/2022 | 69 | **ORDER DENYING 61 MOTION TO STAY by Judge William H. Orrick. (jmd, COURT STAFF) (Filed on 12/20/2022) (Entered: 12/20/2022)** |
| 01/05/2023 | 70 | Plaintiff's Opening Claim Construction Brief filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Exhibit A – US Patent No. 9642002, # 2 Exhibit B – US Patent No. 9635544, # 3 Exhibit C – Microsoft Dictionary Definitions, # 4 Exhibit D – Webster's Dictionary Definitions, # 5 Exhibit E – 544 File History Excerpt, # 6 Exhibit F – Glossary of Employment Terms, # 7 Exhibit G – Random House Webster's Unabridged Dictionary Definitions, # 8 Exhibit H – Webster's New World College Dictionary Definitions, # 9 Exhibit I – American Heritage Dictionary Definitions)(North, John) (Filed on 1/5/2023) Modified on 1/5/2023 (anj, COURT STAFF). (Entered: 01/05/2023) |
| 01/26/2023 | | (Court only) Set Deadlines per 43 Order: Dispositive Motion to be heard by 11/29/2023. Pretrial Conference set for 1/29/2024 02:00 PM and Jury Trial set for 2/26/2024 08:30 AM, both in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. (jmd, COURT STAFF) (Filed on 1/26/2023) (Entered: 01/26/2023) |

| | | |
|---|---|---|
| 01/30/2023 | 71 | Apple Inc's Responsive Claim Construction Brief filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Exhibit 1)(Prescott, Katherine) (Filed on 1/30/2023) Modified on 1/30/2023 (anj, COURT STAFF). (Entered: 01/30/2023) |
| 01/31/2023 | 72 | MOTION for leave to appear in Pro Hac Vice *of Karrie Wheatley* ( Filing fee $ 317, receipt number ACANDC−17944456.) filed by Apple Inc.. (Attachments: # 1 Certificate of Good Standing)(Wheatley, Karrie) (Filed on 1/31/2023) (Entered: 01/31/2023) |
| 01/31/2023 | 73 | NOTICE of Change of Address by Kathryn Ann Quisenberry (Quisenberry, Kathryn) (Filed on 1/31/2023) (Entered: 01/31/2023) |
| 01/31/2023 | 74 | **Order by Judge William H. Orrick granting 72 Motion for Pro Hac Vice by Karrie Wheatley. (jmd, COURT STAFF) (Filed on 1/31/2023) (Entered: 01/31/2023)** |
| 02/13/2023 | 75 | Plaintiff's Reply Claim Construction Brief filed by R.N Nehushtan Trust Ltd.. (North, John) (Filed on 2/13/2023) Modified on 2/13/2023 (anj, COURT STAFF). (Entered: 02/13/2023) |
| 02/17/2023 | 76 | NOTICE by Apple Inc. *of Technology Tutorial* (Attachments: # 1 Notice of Manual Filing)(Wheatley, Karrie) (Filed on 2/17/2023) (Entered: 02/17/2023) |
| 02/17/2023 | 77 | NOTICE *of Filing Plaintiff's Technology Tutorial* by R.N Nehushtan Trust Ltd. (Attachments: # 1 Exhibit A – Technology Tutorial of Plaintiff, # 2 Exhibit B – Article titled "Facing the Challenge of Wireless Security")(North, John) (Filed on 2/17/2023) Modified on 2/17/2023 (jml, COURT STAFF). (Entered: 02/17/2023) |
| 02/17/2023 | | Electronic filing error. No title Page. Please refer to Civil Local Rules 3−4 re first page requirement. Please re−file in its entirety. Re: 76 Notice (Other) filed by Apple Inc. (jml, COURT STAFF) (Filed on 2/17/2023) (Entered: 02/17/2023) |
| 02/17/2023 | 78 | NOTICE by Apple Inc. of Technology Tutorial (Attachments: # 1 Exhibit A (Apple's Technology Tutorial), # 2 Exhibit B (Notice of Manual Filing))(Wheatley, Karrie) (Filed on 2/17/2023) Modified on 2/21/2023 (anj, COURT STAFF). (Entered: 02/17/2023) |
| 02/21/2023 | 79 | NOTICE *of Intent to Appear in Person for the March 3, 2023 Markman Hearing* by Apple Inc. (Wheatley, Karrie) (Filed on 2/21/2023) Modified on 2/22/2023 (jml, COURT STAFF). (Entered: 02/21/2023) |
| 02/21/2023 | | Received one USB drive re 76 NOTICE by Apple Inc. of Technology Tutorial. (wsn, COURT STAFF) (Filed on 2/21/2023) (Entered: 02/21/2023) |
| 02/23/2023 | 80 | CLERK'S NOTICE of location change – The Claims Construction Hearing set for 3/3/2023 10:00 AM will be conducted in Courtroom 2, 17th Floor, San Francisco. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 2/23/2023) (Entered: 02/23/2023) |
| 03/01/2023 | 81 | **TENATIVE RULINGS AND CLAIM CONSTRUCTION HEARING PROCEDURE. Signed by Judge William H. Orrick on 03/01/2023. (jmd, COURT STAFF) (Filed on 3/1/2023) (Entered: 03/01/2023)** |
| 03/03/2023 | 82 | **Minute Entry for proceedings held before Judge William H. Orrick: Claims Construction / Markman Hearing held on 3/3/2023. Total Time in Court: 31 minutes. Court Reporter: Ana Dub. (jmd, COURT STAFF) (Date Filed: 3/3/2023) (Entered: 03/03/2023)** |
| 03/06/2023 | 83 | TRANSCRIPT ORDER for proceedings held on 3/3/23 before Judge William H. Orrick by Apple Inc., for Court Reporter Ana Dub. (Prescott, Katherine) (Filed on 3/6/2023) (Entered: 03/06/2023) |
| 03/06/2023 | 84 | TRANSCRIPT ORDER for proceedings held on 03/03/2023 before Judge William H. Orrick by R.N Nehushtan Trust Ltd., for Court Reporter Ana Dub. (North, John) (Filed on 3/6/2023) (Entered: 03/06/2023) |
| 04/04/2023 | 85 | **CLAIM CONSTRUCTION ORDER. Signed by Judge William H. Orrick on 4/4/2023. (jmd, COURT STAFF) (Filed on 4/4/2023) (Entered: 04/04/2023)** |

| | | |
|---|---|---|
| 04/10/2023 | 86 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number BCANDC–18156351.) filed by Apple Inc.. (Attachments: # 1 Certificate of Good Standing)(Whitley, Dexter) (Filed on 4/10/2023) (Entered: 04/10/2023) |
| 04/11/2023 | 87 | **Order by Judge William H. Orrick granting 86 Motion for Pro Hac Vice by Dexter Whitley. (jmd, COURT STAFF) (Filed on 4/11/2023) (Entered: 04/11/2023)** |
| 04/17/2023 | 88 | Notice of Withdrawal of Subpoena Directed to Caldwell Cassady & Curry by R.N Nehushtan Trust Ltd. (Attachments: # 1 Subpoena to Caldwell Cassady & Curry)(North, John) (Filed on 4/17/2023) Modified on 4/18/2023 (anj, COURT STAFF). (Entered: 04/17/2023) |
| 04/18/2023 | 89 | Plaintiff's Motion for Leave to Serve Second Amended Infringement Contentions Pursuant to Local Patent Rule 3–6 filed by R.N Nehushtan Trust Ltd.. Motion Hearing set for 5/24/2023 02:00 PM in San Francisco, – To be determined before Judge William H. Orrick. Responses due by 5/2/2023. Replies due by 5/9/2023. (Attachments: # 1 Exhibit A – Proposed 2nd Amended Infringement Contentions, # 2 Exhibit B – Plaintiff's 3rd Interrogatories to Defendant, # 3 Exhibit C – Defendant's Counsel Email 9.20.22, # 4 Exhibit D – Defendant's Counsel Email 1.10.23, # 5 Exhibit E – Defendant's 1st Supplemental Interrogatory Response, # 6 Exhibit F – Plaintiff's Counsel letter 2.13.23, # 7 Exhibit G – Defendant's Counsel email 3.28.23, # 8 Exhibit H – Defendant's Invalidity Contentions)(North, John) (Filed on 4/18/2023) Modified on 4/19/2023 (anj, COURT STAFF). (Entered: 04/18/2023) |
| 05/02/2023 | 90 | OPPOSITION/RESPONSE (re 89 Plaintiff's Motion for Leave to Serve Second Amended Infringement Contentions Pursuant to Local Patent Rule 3–6 ) filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott)(Prescott, Katherine) (Filed on 5/2/2023) Modified on 5/3/2023 (anj, COURT STAFF). (Entered: 05/02/2023) |
| 05/09/2023 | 91 | REPLY in support (re 89 Plaintiff's Motion for Leave to Serve Second Amended Infringement Contentions Pursuant to Local Patent Rule 3–6 ) filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North, # 2 Exhibit I – Apple's 2nd Supplemental Responses to Plaintiff's Interrogatory (No. 15), # 3 Proposed Order)(North, John) (Filed on 5/9/2023) Modified on 5/9/2023 (anj, COURT STAFF). (Entered: 05/09/2023) |
| 05/10/2023 | 92 | STIPULATION WITH PROPOSED ORDER to Modify Case Schedule filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (Attachments: # 1 Declaration of John L. North, # 2 Proposed Order)(North, John) (Filed on 5/10/2023) Modified on 5/10/2023 (anj, COURT STAFF). (Entered: 05/10/2023) |
| 05/12/2023 | 93 | CLERKS NOTICE SETTING ZOOM HEARING – Case Management Conference set for 5/16/2023 02:00 PM. This proceeding will be held via Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/who<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 5/12/2023) (Entered: 05/12/2023) |
| 05/16/2023 | 94 | **Minute Entry for proceedings held before Judge William H. Orrick: Case Management Conference held on 5/16/2023. Close of Fact Discovery: 8/1/2023. Dispositive Motions to be heard by 11/15/2023. Pretrial Conference set for 3/25/2024 02:00 PM and Jury Trial set for 4/22/2024 09:00 AM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Total Time in Court: 4 minutes. Court Reporter: Elaine Cropper. Plaintiff Attorney: John L. North. Defendant Attorneys: Karrie Wheatley and Katherine D. Prescott. (jmd, COURT STAFF) (Date Filed: 5/16/2023) (Entered: 05/17/2023)** |

| | | |
|---|---|---|
| 05/16/2023 | 95 | Amended Civil Minutes for Case Management Conference conducted 05/16/2023. Deadline for dispositive motions to be heard corrected to 01/10/2024. (jmd, COURT STAFF) (Filed on 5/16/2023) (Entered: 05/19/2023) |
| 05/19/2023 | 96 | **ORDER GRANTING IN PART AND DENYING IN PART 89 MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS by Judge William H. Orrick. RNN Trust shall serve its amended infringement contentions within three (3) days of the issuance of this Order. (jmd, COURT STAFF) (Filed on 5/19/2023) (Entered: 05/19/2023)** |
| 05/28/2023 | 97 | Transcript of Proceedings held on March 3, 2023, before Judge William H. Orrick. Court Reporter Ana Dub, CSR 7445, RDR, RMR, CRR, CCRR, CRG, CCG, telephone number 415–290–1651; ana_dub@cand.uscourts.gov. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date, it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 83 Transcript Order ) Release of Transcript Restriction set for 8/28/2023. (Related documents(s) 83 ) (amd, COURT STAFF) (Filed on 5/28/2023) (Entered: 05/28/2023) |
| 05/28/2023 | | (Court only) TRANSCRIPT COPY DELIVERED re 84 Transcript Order (Related documents(s) 84 ) (amd, COURT STAFF) (Filed on 5/28/2023) (Entered: 05/28/2023) |
| 06/30/2023 | 98 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC–18409654.) filed by R.N Nehushtan Trust Ltd.. (Andreyev, Dmitriy) (Filed on 6/30/2023) (Entered: 06/30/2023) |
| 07/05/2023 | 99 | **Order by Judge William H. Orrick granting 98 Motion for Pro Hac Vice by Dmitriy S. Andreyev. (jmd, COURT STAFF) (Filed on 7/5/2023) (Entered: 07/05/2023)** |
| 07/18/2023 | 100 | Amended STIPULATION and Proposed Order selecting Private ADR by R.N Nehushtan Trust Ltd. filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (Attachments: # 1 Proposed Order)(North, John) (Filed on 7/18/2023) Modified on 7/18/2023 (anj, COURT STAFF). (Entered: 07/18/2023) |
| 07/18/2023 | 101 | STIPULATION WITH PROPOSED ORDER Extending Time for Close of Discovery filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order)(Prescott, Katherine) (Filed on 7/18/2023) Modified on 7/18/2023 (anj, COURT STAFF). (Entered: 07/18/2023) |
| 07/19/2023 | 102 | **ORDER GRANTING STIPULATION EXTENDING TIME FOR CLOSE OF DISCOVERY by Judge William H. Orrick granting 101 Stipulation. Close of Fact Discovery extended to 8/2/2023. (jmd, COURT STAFF) (Filed on 7/19/2023) (Entered: 07/19/2023)** |
| 07/20/2023 | 103 | NOTICE of Change of Address by John Lincoln North (North, John) (Filed on 7/20/2023) (Entered: 07/20/2023) |
| 08/03/2023 | 104 | STIPULATION WITH PROPOSED ORDER FOR A LIMITED CHANGE TO THE SCHEDULING ORDER RE ONE CONTINUED DEPOSITION filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order)(Prescott, Katherine) (Filed on 8/3/2023) Modified on 8/4/2023 (anj, COURT STAFF). (Entered: 08/03/2023) |
| 08/04/2023 | 105 | Joint Statement regarding discovery dispute pursuant to Standing Order #4 filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (North, John) (Filed on 8/4/2023) Modified on 8/4/2023 (anj, COURT STAFF). (Entered: 08/04/2023) |
| 08/04/2023 | 106 | Administrative Motion to File Under Seal *re Joint Statement Regarding Discovery Dispute Pursuant To Standing Order #4 (Dkt. 105)* filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order, # 3 UNREDACTED Joint Statement Regarding Discovery Dispute Pursuant To Standing Order #4, # 4 REDACTED Joint Statement Regarding Discovery Dispute Pursuant To Standing Order #4, # 5 Certificate/Proof of Service)(Prescott, Katherine) (Filed on 8/4/2023) (Entered: 08/04/2023) |

| | | |
|---|---|---|
| 08/06/2023 | 107 | **ORDER GRANTING STIPULATION FOR A LIMITED CHANGE TO THE SCHEDULING ORDER RE ONE CONTINUED DEPOSITION by Judge William H. Orrick granting 104 Stipulation. (jmd, COURT STAFF) (Filed on 8/6/2023) (Entered: 08/06/2023)** |
| 08/10/2023 | 108 | **Order by Judge William H. Orrick granting 100 Stipulation. (jmd, COURT STAFF) (Filed on 8/10/2023) (Entered: 08/10/2023)** |
| 08/10/2023 | | (Court only) CASE REFERRED to Private ADR., ***Case Removed from Mediation, ***Set/Clear Flags, Medterm flag set*** Mediator Stephen H. Sulmeyer, J.D., Ph.D. terminated. (af, COURT STAFF) (Filed on 8/10/2023) (Entered: 08/10/2023) |
| 08/15/2023 | 109 | **ORDER ON 105 DISCOVERY LETTER; 106 MOTION TO SEAL by Judge William H. Orrick. (jmd, COURT STAFF) (Filed on 8/15/2023) (Entered: 08/15/2023)** |
| 08/16/2023 | 110 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North re Motion to Seal, # 2 Proposed Order re Motion to Seal, # 3 UNREDACTED Motion for Leave to Serve Third Amended Infringement Contentions, # 4 Declaration UNREDACTED of John L. North re Motion to Serve Third Amended Infringement Contentions, # 5 Exhibit 1, # 6 Exhibit 2, # 7 Exhibit UNREDACTED 3, # 8 Exhibit UNREDACTED 4, # 9 Exhibit UNREDACTED 5, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit UNREDACTED 9, # 14 Exhibit UNREDACTED 10, # 15 Exhibit UNREDACTED 11, # 16 Exhibit UNREDACTED 12, # 17 Exhibit UNREDACTED 13, # 18 Exhibit UNREDACTED 14, # 19 Exhibit UNREDACTED 15, # 20 Exhibit UNREDACTED 16, # 21 Exhibit 17, # 22 Exhibit UNREDACTED 18, # 23 Exhibit UNREDACTED 19, # 24 Exhibit UNREDACTED 20, # 25 Exhibit UNREDACTED 21, # 26 Exhibit UNREDACTED 22, # 27 Exhibit UNREDACTED 23, # 28 Exhibit UNREDACTED 24, # 29 Exhibit UNREDACTED 25)(North, John) (Filed on 8/16/2023) (Entered: 08/16/2023) |
| 08/16/2023 | 111 | MOTION to Amend/Correct *(RNN Trust's Motion for Leave to Serve Third Amended Infringement Contentions)* filed by R.N Nehushtan Trust Ltd.. Responses due by 8/30/2023. Replies due by 9/6/2023. (Attachments: # 1 Proposed Order)(North, John) (Filed on 8/16/2023) (Entered: 08/16/2023) |
| 08/16/2023 | 112 | STIPULATION WITH PROPOSED ORDER to Expedite Briefing Schedule re 111 MOTION to Amend/Correct *(RNN Trust's Motion for Leave to Serve Third Amended Infringement Contentions)* filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (Attachments: # 1 Declaration of John L. North)(North, John) (Filed on 8/16/2023) Modified on 8/17/2023 (anj, COURT STAFF). (Entered: 08/16/2023) |
| 08/16/2023 | 113 | **ORDER granting 112 STIPULATION EXPEDITING BRIEFINGSCHEDULE re: 111 MOTION for Leave to Serve Third Amended Infringement Contentions. Responses due by 8/23/2023. Replies due by 8/25/2023. Signed by Judge William H. Orrick on 08/16/2023. (jmd, COURT STAFF) (Filed on 8/16/2023) (Entered: 08/16/2023)** |
| 08/23/2023 | 114 | Administrative Motion to File Under Seal *re Apple Inc.s Opposition To Motion For Leave To Serve 3rd Amended Infringement Contentions* filed by Apple Inc.. (Attachments: # 1 Declaration of Karrie Wheatley, Ph.D., # 2 Proposed Order, # 3 UNREDACTED Opposition To R.N Nehushtan Trust Ltd.s Motion For Leave To Serve Third Amended Infringement Contentions, # 4 Exhibit UNREDACTED Exhibit B, # 5 Exhibit UNREDACTED Exhibit C, # 6 Exhibit UNREDACTED Exhibit F, # 7 Exhibit UNREDACTED Exhibit G, # 8 Exhibit UNREDACTED Exhibit H, # 9 Exhibit UNREDACTED Exhibit I, # 10 REDACTED Opposition To R.N Nehushtan Trust Ltd.s Motion For Leave To Serve Third Amended Infringement Contentions, # 11 Certificate/Proof of Service)(Wheatley, Karrie) (Filed on 8/23/2023) (Entered: 08/23/2023) |
| 08/23/2023 | 115 | OPPOSITION/RESPONSE (re 111 MOTION to Amend/Correct *(RNN Trust's Motion for Leave to Serve Third Amended Infringement Contentions)* ) *(REDACTED)* filed by Apple Inc.. (Attachments: # 1 Declaration of Jeanel Sunga, # 2 Declaration of Karrie Wheatley, Ph.D., # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit L, # 14 Exhibit M, # 15 Proposed Order)(Wheatley, Karrie) (Filed on |

| | | |
|---|---|---|
| | | 8/23/2023) Modified on 8/24/2023 (anj, COURT STAFF). (Entered: 08/23/2023) |
| 08/23/2023 | 116 | Statement re 110 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by Apple Inc.. (Wheatley, Karrie) (Filed on 8/23/2023) (Entered: 08/23/2023) |
| 08/23/2023 | 117 | EXHIBITS re 115 Opposition/Response to Motion, Exhibit K to the Declaration of Karrie Wheatley in Support of Apple Inc.s Opposition To R.N Nehushtan Trust Ltd.s Motion For Leave To Serve Third Amended Infringement Contentions filed by Apple Inc.. (Related document(s) 115 ) (Wheatley, Karrie) (Filed on 8/23/2023) Modified on 8/24/2023 (anj, COURT STAFF). (Entered: 08/23/2023) |
| 08/25/2023 | 118 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North re Motion to Seal, # 2 Proposed Order re Motion to Seal, # 3 UNREDACTED Reply in Support of its Motion for Leave to Serve Third Amended Infringement Contentions Pursuant to Patent Local Rule 3–6, # 4 Declaration UNREDACTED of John L. North re Reply in Support of its Motion for Leave to Serve Third Amended Infringement Contentions Pursuant to Patent Local Rule 3–6, # 5 Exhibit UNREDACTED 26)(North, John) (Filed on 8/25/2023) (Entered: 08/25/2023) |
| 08/25/2023 | 119 | REPLY (re 111 MOTION to Amend/Correct *(RNN Trust's Motion for Leave to Serve Third Amended Infringement Contentions)* ) *REDACTED* filed byR.N Nehushtan Trust Ltd.. (North, John) (Filed on 8/25/2023) (Entered: 08/25/2023) |
| 08/30/2023 | 120 | STIPULATION WITH PROPOSED ORDER Extending Time For Close Of Expert Discovery filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order)(Prescott, Katherine) (Filed on 8/30/2023) Modified on 8/31/2023 (anj, COURT STAFF). (Entered: 08/30/2023) |
| 08/30/2023 | 121 | **ORDER GRANTING 111 MOTION FOR LEAVE TO SERVE THIRD AMENDED INFRINGEMENT CONTENTIONS and granting 110 , 118 Administrative Motions to Consider Whether Another Party's Material Should Be Sealed. Further Case Management Conference set for 9/19/2023 02:00 PM via Videoconference (Case Management Statement due by 9/12/2023). Signed by Judge William H. Orrick on 08/30/2023. (jmd, COURT STAFF) (Filed on 8/30/2023) (Entered: 08/30/2023)** |
| 08/30/2023 | 122 | **ORDER GRANTING 120 STIPULATION EXTENDING TIME FOR CLOSE OF EXPERT DISCOVERY by Judge William H. Orrick. (jmd, COURT STAFF) (Filed on 8/30/2023) (Entered: 08/30/2023)** |
| 09/08/2023 | 123 | STIPULATION (Corrected) Extending Time For Close Of Expert Discovery re Dkt. 120 filed by Apple Inc. and R.N Nehushtan Trust Ltd. (Attachments: # 1 Declaration of Katherine D. Prescott (Corrected))(Prescott, Katherine) (Filed on 9/8/2023) Modified on 9/8/2023 (anj, COURT STAFF). (Entered: 09/08/2023) |
| 09/08/2023 | 124 | STIPULATION and Proposed Order selecting Private ADR by R.N Nehushtan Trust Ltd. *Second Amended* filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (Attachments: # 1 Proposed Order)(North, John) (Filed on 9/8/2023) Modified on 9/11/2023 (anj, COURT STAFF). (Entered: 09/08/2023) |
| 09/11/2023 | 125 | **Order by Judge William H. Orrick granting 124 Stipulation selecting Private ADR. (jmd, COURT STAFF) (Filed on 9/11/2023) (Entered: 09/11/2023)** |
| 09/11/2023 | | CASE REFERRED to Private ADR. (cmf, COURT STAFF) (Filed on 9/11/2023) (Entered: 09/11/2023) |
| 09/12/2023 | 126 | JOINT CASE MANAGEMENT STATEMENT *(Second)* filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (North, John) (Filed on 9/12/2023) Modified on 9/13/2023 (anj, COURT STAFF). (Entered: 09/12/2023) |
| 09/12/2023 | | (Court only) ***Deadlines terminated. 126 Joint Case Management Statement filed by R.N Nehushtan Trust Ltd., Apple Inc.. (anj, COURT STAFF) (Filed on 9/12/2023) (Entered: 09/13/2023) |
| 09/18/2023 | 127 | CLERKS NOTICE RE ZOOM HEARING – The Case Management Conference set for 09/19/2023 at 2:00 p.m. will be held via Zoom webinar. |

| | | |
|---|---|---|
| | | **Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/who |
| | | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |
| | | *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 9/18/2023) (Entered: 09/18/2023) |
| 09/19/2023 | 128 | NOTICE of Appearance by Roger Alen Denning *on behalf of Apple Inc.* (Denning, Roger) (Filed on 9/19/2023) (Entered: 09/19/2023) |
| 09/19/2023 | 129 | Supplemental Second Joint Case Management Statement filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Prescott, Katherine) (Filed on 9/19/2023) Modified on 9/19/2023 (anj, COURT STAFF). (Entered: 09/19/2023) |
| 09/19/2023 | 130 | **Minute Entry for proceedings held before Judge William H. Orrick: Case Management Conference held on 9/19/2023. CASE REFERRED to Magistrate Judge (random) for Settlement Conference to occur in March or April 2024. Close of Fact Discovery: 11/17/2023. Dispositive Motions to be heard by 2/21/2024. Pretrial Conference set for 4/22/2024 02:00 PM and Jury Trial set for 5/13/2024 08:30 AM, both in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Total Time in Court: 6 minutes. Court Reporter: Stephen Franklin. (jmd, COURT STAFF) (Date Filed: 9/19/2023) (Entered: 09/19/2023)** |
| 09/20/2023 | | CASE REFERRED to Magistrate Judge Alex G. Tse for Settlement (mkl, COURT STAFF) (Filed on 9/20/2023) (Entered: 09/20/2023) |
| 09/20/2023 | | (Court only) ***Set/Clear Flags (mkl, COURT STAFF) (Filed on 9/20/2023) (Entered: 09/20/2023) |
| 09/21/2023 | 131 | CLERKS NOTICE SETTING PRE−SETTLEMENT SCHEDULING CONFERENCE: The parties are hereby notified that a Scheduling Conference is set for 9/26/2023 at 2:00 PM before Magistrate Judge Alex G. Tse. This proceeding will be held via a non−public Zoom meeting. |
| | | **Court Appearances:** Advanced notice is required of counsel who wish to be identified by the court as making an appearance or will be participating in the conference. A list of names must be sent to the courtroom deputy at AGTcrd@cand.uscourts.gov no later than noon on 9/25/2023. |
| | | **Zoom Meeting Access:** Information on how to join the conference can be found on the Court's website under the subheading Joining Non−Public Hearings (Settlement Conferences, etc.) at https://www.cand.uscourts.gov/agt |
| | | **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. |
| | | **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. |
| | | *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (shy, COURT STAFF) (Filed on 9/21/2023) (Entered: 09/21/2023) |
| 09/26/2023 | 132 | **Minute Entry for pre−settlement conference held on 9/26/2023 before Magistrate Judge Alex G. Tse. Discussion held regarding scheduling settlement conference. (Not Reported.)** Plaintiff Attorney: John Lincoln North. Defendant Attorneys: Katherine D. Prescott and Jenny Liu. |

| | | |
|---|---|---|
| | | *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (shy, COURT STAFF) (Date Filed: 9/26/2023) (Entered: 09/27/2023) |
| 09/27/2023 | [133](#) | CLERK'S NOTICE SETTING SETTLEMENT CONFERENCE: A Settlement Conference is hereby set for 3/6/2024 at 10:00 AM before Magistrate Judge Alex G. Tse in San Francisco, Courtroom A, 15th Floor. (shy, COURT STAFF) (Filed on 9/27/2023) (Entered: 09/27/2023) |
| 09/27/2023 | 134 | CLERKS NOTICE SETTING PRE−SETTLEMENT CONFERENCE. A further pre−settlement conference is set for 1/30/2024 at 1:30 PM before Magistrate Judge Alex G. Tse. This proceeding will be held via a non−public Zoom meeting. Clients are not required to attend this meeting.<br><br>**Zoom Meeting Access:** Information on how to join the conference can be found on the Court's website under the subheading Joining Non−Public Hearings (Settlement Conferences, etc.) at https://www.cand.uscourts.gov/agt<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (shy, COURT STAFF) (Filed on 9/27/2023) (Entered: 09/27/2023) |
| 10/10/2023 | [135](#) | Administrative Motion to File Under Seal filed by Apple Inc.. (Attachments: # [1](#) Declaration of Joy Kete, # [2](#) Proposed Order, # [3](#) SEALED Apple Inc.s Notice Of Motion And Motion To Strike Certain Opinions Of Dr. Cole, # [4](#) SEALED Declaration of Kete in Support of Motion To Strike Certain Opinions Of Dr. Cole, # [5](#) Exhibit SEALED E, # [6](#) Exhibit SEALED F, # [7](#) Exhibit SEALED G, # [8](#) Exhibit SEALED H, # [9](#) Exhibit SEALED I, # [10](#) REDACTED Apple Inc.s Notice Of Motion And Motion To Strike Certain Opinions Of Dr. Cole, # [11](#) REDACTED Declaration of Kete in Support of Motion To Strike Certain Opinions Of Dr. Cole, # [12](#) Certificate/Proof of Service)(Kete, Joy) (Filed on 10/10/2023) (Entered: 10/10/2023) |
| 10/10/2023 | [136](#) | MOTION to Strike Certain Opinions Of Dr. Cole filed by Apple Inc.. Motion Hearing set for 11/15/2023 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 10/24/2023. Replies due by 10/31/2023. (Attachments: # [1](#) Declaration Of Joy Kete In Support Of Apple Inc.s Motion To Strike Certain Opinions Of Dr. Cole, # [2](#) Exhibit A, # [3](#) Exhibit B, # [4](#) Exhibit C, # [5](#) Exhibit D, # [6](#) Exhibit E (Placeholder), # [7](#) Exhibit F (Placeholder), # [8](#) Exhibit G (Placeholder), # [9](#) Exhibit H (Placeholder), # [10](#) Exhibit I (Placeholder), # [11](#) Proposed Order)(Kete, Joy) (Filed on 10/10/2023) Modified on 10/11/2023 (anj, COURT STAFF). (Entered: 10/10/2023) |
| 10/12/2023 | [137](#) | MOTION for leave to appear in Pro Hac Vice *of Joshua Park* ( Filing fee $ 317, receipt number ACANDC−18729844.) filed by Apple Inc.. (Attachments: # [1](#) Certificate of Good Standing)(Park, Joshua) (Filed on 10/12/2023) (Entered: 10/12/2023) |
| 10/16/2023 | 138 | **Order by Judge William H. Orrick granting [137](#) Motion for Pro Hac Vice by Joshua Park. (jmd, COURT STAFF) (Filed on 10/16/2023) (Entered: 10/16/2023)** |
| 10/24/2023 | [139](#) | Administrative Motion to File Under Seal re Response to Motion to Strike filed by R.N Nehushtan Trust Ltd.. (Attachments: # [1](#) Declaration of John L. North, # [2](#) UNREDACTED VERSION OF RESPONSE TO MOTION TO STRIKE, # [3](#) Exhibit UNREDACTED VERSION OF EX A, # [4](#) Exhibit UNREDACTED VERSION OF EX B)(North, John) (Filed on 10/24/2023) Modified on 10/25/2023 (anj, COURT STAFF). (Entered: 10/24/2023) |
| 10/24/2023 | [140](#) | OPPOSITION/RESPONSE (re [136](#) MOTION to Strike Certain Opinions Of Dr. Cole ) filed by R.N Nehushtan Trust Ltd.. (Attachments: # [1](#) Declaration of John L. North)(North, John) (Filed on 10/24/2023) Modified on 10/25/2023 (anj, COURT STAFF). (Entered: 10/24/2023) |

| | | |
|---|---|---|
| 10/31/2023 | 141 | Administrative Motion to File Under Seal *Reply in Support of Motion To Strike Certain Opinions Of Dr. Cole* filed by Apple Inc.. (Attachments: # 1 Declaration of Joy Kete, # 2 Proposed Order, # 3 SEALED Apple Inc.s Reply in Support of Motion To Strike Certain Opinions Of Dr. Cole, # 4 REDACTED Apple Inc.s Reply in Support of Motion To Strike Certain Opinions Of Dr. Cole, # 5 Certificate/Proof of Service)(Kete, Joy) (Filed on 10/31/2023) (Entered: 10/31/2023) |
| 10/31/2023 | 142 | REPLY (re 136 MOTION to Strike Certain Opinions Of Dr. Cole ) *(REDACTED)* filed byApple Inc.. (Kete, Joy) (Filed on 10/31/2023) (Entered: 10/31/2023) |
| 10/31/2023 | 143 | Statement re 139 Administrative Motion to File Under Seal re Response to Motion to Strike *(In Support Of R.N Nehushtan Trust Ltd.s Administrative Motion To Consider Whether Apples Material Should Be Sealed)* by Apple Inc.. (Kete, Joy) (Filed on 10/31/2023) (Entered: 10/31/2023) |
| 11/07/2023 | 144 | Administrative Motion to File Under Seal re Exhibits to Motion to File Sur–Reply filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North re Motion to Seal, # 2 Proposed Order, # 3 Exhibit A – UNREDACTED Proposed Sur–Reply, # 4 Exhibit B – UNREDACTED Apple's Supp Discovery Response)(North, John) (Filed on 11/7/2023) Modified on 11/7/2023 (anj, COURT STAFF). (Entered: 11/07/2023) |
| 11/07/2023 | 145 | ADMINISTRATIVE MOTION Leave to File a Sur–Reply to Apple's Motion to Strike Certain Opinions of Dr. Cole filed by R.N Nehushtan Trust Ltd.. Responses due by 11/13/2023. (Attachments: # 1 Declaration of John L. North re Administrative Relief Requesting Leave to File Sur–Reply, # 2 Exhibit C – to North Decl (Apple's 4th Amended Initial Disclosures), # 3 Exhibit D – to North Decl (Apple's 3rd Amended Initial Disclosures), # 4 Proposed Order)(North, John) (Filed on 11/7/2023) (Entered: 11/07/2023) |
| 11/08/2023 | 146 | OPPOSITION/RESPONSE (re 145 ADMINISTRATIVE MOTION Leave to File a Sur–Reply to Apple's Motion to Strike Certain Opinions of Dr. Cole ) filed by Apple Inc.. (Kete, Joy) (Filed on 11/8/2023) Modified on 11/9/2023 (anj, COURT STAFF). (Entered: 11/08/2023) |
| 11/13/2023 | 147 | Statement re 144 Administrative Motion to File Under Seal *re Exhibits to Motion to File Sur–Reply (In Support of R.N Nehushtan Trust Ltd.s Administrative Motion To Consider Whether Apples Material Should Be Sealed)* by Apple Inc.. (Kete, Joy) (Filed on 11/13/2023) (Entered: 11/13/2023) |
| 11/13/2023 | 148 | CLERKS NOTICE RE ZOOM HEARING – The motion hearing set for 11/15/2023 at 2:00 p.m. will be held via Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/who<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text–only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 11/13/2023) (Entered: 11/13/2023) |
| 11/15/2023 | 149 | **Minute Entry/Order for Motion Hearing held before Judge William H. Orrick granting 136 MOTION to Strike Certain Opinions Of Dr. Cole. Total Time in Court: 20 minutes. Court Reporter: Janet Davis. (jmd, COURT STAFF) (Date Filed: 11/15/2023) (Entered: 11/16/2023)** |
| 11/20/2023 | 150 | Administrative Motion to File Under Seal Minute Order Granting Apple Inc.'s Motion to Strike Certain Opinions of Dr. Cole (Dkt. 149) (Stipulated) filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of Joy Kete, # 2 Proposed Order, # 3 SEALED Minute Order, # 4 REDACTED Minute Order)(Kete, Joy) (Filed on 11/20/2023) Modified on 11/21/2023 (anj, COURT STAFF). (Entered: 11/20/2023) |

| | | |
|---|---|---|
| 11/20/2023 | <u>151</u> | REDACTION to <u>149</u> Motion Hearing, Order on Motion to Strike by Apple Inc.. (Kete, Joy) (Filed on 11/20/2023) (Entered: 11/20/2023) |
| 11/20/2023 | | (Court only) ***Motions terminated: <u>144</u> Administrative Motion to File Under Seal *re Exhibits to Motion to File Sur−Reply* filed by R.N Nehushtan Trust Ltd., <u>139</u> Administrative Motion to File Under Seal re Response to Motion to Strike filed by R.N Nehushtan Trust Ltd., <u>141</u> Administrative Motion to File Under Seal *Reply in Support of Motion To Strike Certain Opinions Of Dr. Cole* filed by Apple Inc., <u>135</u> Administrative Motion to File Under Seal filed by Apple Inc. (jmd, COURT STAFF) (Filed on 11/20/2023) (Entered: 11/20/2023) |
| 11/20/2023 | <u>152</u> | **ORDER GRANTING <u>150</u> STIPULATED ADMINISTRATIVE MOTION TO FILE UNDER SEAL MINUTE ORDER GRANTING APPLE INC.'S MOTION TO STRIKE CERTAIN OPINIONS OF DR. COLE by Judge William H. Orrick. (jmd, COURT STAFF) (Filed on 11/20/2023) (Entered: 11/20/2023)** |
| 11/21/2023 | 153 | **Order by Judge William H. Orrick denying <u>145</u> Administrative Motion. The Motion for Administrative Relief Requesting Leave to File Sur−Reply is DENIED. The request did not fall under the exceptions set forth by Local Rule 7−3(d), and after reviewing the proposed sur−reply, I determined that it would not impact my decision on the Motion to Strike. *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (wholc3, COURT STAFF) (Filed on 11/21/2023) (Entered: 11/21/2023)** |
| 11/21/2023 | | (Court only) ***Motions terminated: <u>141</u> Administrative Motion to File Under Seal *Reply in Support of Motion To Strike Certain Opinions Of Dr. Cole* filed by Apple Inc. (jmd, COURT STAFF) (Filed on 11/21/2023) (Entered: 11/21/2023) |
| 11/30/2023 | <u>154</u> | TRANSCRIPT ORDER for proceedings held on 11/15/2023 before Judge William H. Orrick by Apple Inc., for Court Reporter Jan Davis. (Prescott, Katherine) (Filed on 11/30/2023) (Entered: 11/30/2023) |
| 12/05/2023 | <u>155</u> | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 317, receipt number ACANDC−18903306.) filed by R.N Nehushtan Trust Ltd.. (Woods, James) (Filed on 12/5/2023) (Entered: 12/05/2023) |
| 12/06/2023 | <u>156</u> | TRANSCRIPT ORDER for proceedings held on 11/15/2023 before Judge William H. Orrick by R.N Nehushtan Trust Ltd., for Court Reporter Jan Davis. (North, John) (Filed on 12/6/2023) (Entered: 12/06/2023) |
| 12/08/2023 | <u>157</u> | STIPULATION Extending Time For Close Of Expert Discovery filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # <u>1</u> Declaration of Katherine D. Prescott)(Prescott, Katherine) (Filed on 12/8/2023) Modified on 12/8/2023 (anj, COURT STAFF). (Entered: 12/08/2023) |
| 12/08/2023 | <u>158</u> | Transcript of Proceedings held on 11/15/2023, before Judge William H. Orrick. Court Reporter Janet Davis, RDR, FCRR, CRR, telephone number 307.433.2154 * jbd.davis@gmail.com. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re <u>154</u> Transcript Order and <u>156</u> Transcript Order.)Redaction Request due 12/29/2023. Redacted Transcript Deadline set for 1/8/2024. Release of Transcript Restriction set for 3/7/2024. (knm, COURT STAFF) (Filed on 12/8/2023) (Entered: 12/08/2023) |
| 12/15/2023 | <u>159</u> | MOTION to Strike *Certain Opinions of Dr. Long* filed by R.N Nehushtan Trust Ltd.. Responses due by 12/29/2023. Replies due by 1/5/2024. (Attachments: # <u>1</u> Declaration John North Declaration re Motion to Strike, # <u>2</u> Exhibit A − Opening Expert report of Darrell Long, # <u>3</u> Exhibit D − Suppl. Report of Darrell Long re Invalidity, # <u>4</u> Exhibit E − Jakobsson Responsive Invalidity Expert Report, # <u>5</u> Exhibit F − IPR2023−00231 Paper 8 Order re Motion to Strike, # <u>6</u> Proposed Order Proposed Order Granting Motion to Strike Certain Opinions of Dr.Long)(North, John) (Filed on 12/15/2023) (Entered: 12/15/2023) |
| 12/15/2023 | <u>160</u> | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by R.N Nehushtan Trust Ltd.. (Attachments: # <u>1</u> Declaration John North |

| | | |
|---|---|---|
| | | Declaration regarding Motion to Consider Material Should be Sealed, # 2 Proposed Order Proposed Order Granting Plaintiff's Administrative Motion to Consider Whether Apple's Material Should be Sealed, # 3 Exhibit B − 2023−12−02 CONF Rough Transcript Long Deposition, # 4 Exhibit C − 2023−11−21 CONF Expert Rebuttal Report of D. Long)(North, John) (Filed on 12/15/2023) (Entered: 12/15/2023) |
| 12/15/2023 | 161 | NOTICE of Intent to Request Redaction of Transcript by Katherine D. Prescott (Prescott, Katherine) (Filed on 12/15/2023) (Entered: 12/15/2023) |
| 12/15/2023 | 162 | CLERKS NOTICE RESETTING HEARINGS − Case Management Conference and Hearing on Motion to Strike reset for 1/24/2024 02:00 PM via Videoconference. Case Management Conference Statement due by 1/17/2024. This proceeding will be held via Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/who<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 12/15/2023) (Entered: 12/15/2023) |
| 12/18/2023 | 163 | MOTION for leave to appear in Pro Hac Vice *(Jeffrey Quilici on behalf of Apple Inc.)* ( Filing fee $ 328, receipt number ACANDC−18948382.) filed by Apple Inc.. (Attachments: # 1 Certificate of Good Standing)(Quilici, Jeffrey) (Filed on 12/18/2023) (Entered: 12/18/2023) |
| 12/20/2023 | 164 | NOTICE of Appearance by John Winston Thornburgh on behalf of Apple Inc. (Thornburgh, John) (Filed on 12/20/2023) Modified on 12/21/2023 (anj, COURT STAFF). (Entered: 12/20/2023) |
| 12/21/2023 | 165 | STIPULATION WITH PROPOSED ORDER *Extending Time For Briefing Regarding Motion To Strike Certain Opinions Of Darrell Long* filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of Joy Kete, # 2 Proposed Order)(Kete, Joy) (Filed on 12/21/2023) Modified on 12/22/2023 (jml, COURT STAFF). (Entered: 12/21/2023) |
| 12/21/2023 | 166 | Administrative Motion to File Under Seal *Its Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino* filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order, # 3 REDACTED Plaintiffs Notice Of Motion And Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino, # 4 UNDER SEAL Plaintiffs Notice Of Motion And Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino, # 5 Exhibit UNDER SEAL Ex. A, # 6 Exhibit UNDER SEAL Ex. B, # 7 Exhibit UNDER SEAL Ex. C, # 8 Certificate/Proof of Service)(Prescott, Katherine) (Filed on 12/21/2023) (Entered: 12/21/2023) |
| 12/21/2023 | 167 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *Re Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino* filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order, # 3 REDACTED Plaintiffs Notice Of Motion And Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino, # 4 UNDER SEAL Plaintiffs Notice Of Motion And Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino, # 5 Exhibit UNDER SEAL Ex. C, # 6 Certificate/Proof of Service)(Prescott, Katherine) (Filed on 12/21/2023) (Entered: 12/21/2023) |
| 12/21/2023 | 168 | MOTION to Strike *(To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino)* filed by Apple Inc.. Motion Hearing set for 2/21/2023 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 1/4/2024. Replies due by 1/11/2024. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Exhibit A (Placeholder), # 3 Exhibit B (Placeholder), # 4 Exhibit C |

| | | |
|---|---|---|
| | | (Placeholder), # <u>5</u> Exhibit D, # <u>6</u> Exhibit E, # <u>7</u> Exhibit F, # <u>8</u> Exhibit G, # <u>9</u> Exhibit H, # <u>10</u> Exhibit I, # <u>11</u> Exhibit J, # <u>12</u> Exhibit K, # <u>13</u> Exhibit L, # <u>14</u> Exhibit M, # <u>15</u> Exhibit N, # <u>16</u> Proposed Order)(Prescott, Katherine) (Filed on 12/21/2023) (Entered: 12/21/2023) |
| 12/22/2023 | <u>169</u> | **ORDER GRANTING <u>165</u> STIPULATION EXTENDING TIME FOR BRIEFING RE <u>159</u> MOTION TO STRIKE CERTAIN OPINIONS OF DARRELL LONG. Responses due by 1/5/2024. Replies due by 1/12/2024. Signed by Judge William H. Orrick on 12/22/2023. (jmd, COURT STAFF) (Filed on 12/22/2023) Modified on 12/28/2023 to correct docket number reference. (jmd, COURT STAFF). (Entered: 12/22/2023)** |
| 12/22/2023 | <u>170</u> | **Order by Judge William H. Orrick granting <u>163</u> Motion for Pro Hac Vice by Jeffrey T. Qulici. (jmd, COURT STAFF) (Filed on 12/22/2023) (Entered: 12/22/2023)** |
| 12/22/2023 | <u>171</u> | Statement re <u>160</u> Administrative Motion to Consider Whether Another Party's Material Should Be Sealed by Apple Inc.. (Kete, Joy) (Filed on 12/22/2023) (Entered: 12/22/2023) |
| 12/27/2023 | <u>172</u> | **Order by Judge William H. Orrick granting <u>155</u> Motion for Pro Hac Vice by J. Michael Woods. (jmd, COURT STAFF) (Filed on 12/27/2023) (Entered: 12/27/2023)** |
| 12/28/2023 | <u>173</u> | STIPULATION WITH PROPOSED ORDER Extending Time For Briefing Regarding Motion to Exclude Testimony of Michael Pellegrino re <u>168</u> MOTION to Strike filed by R.N Nehushtan Trust Ltd. and Apple Inc. (Attachments: # <u>1</u> Declaration of John North in Support of Stipulation Extending Time For Briefing Regarding Motion to Exclude Testimony of Michael Pellegrino, # <u>2</u> Proposed Order)(North, John) (Filed on 12/28/2023) Modified on 12/28/2023 (anj, COURT STAFF). (Entered: 12/28/2023) |
| 12/28/2023 | | Reset Deadlines as to <u>159</u> MOTION to Strike Certain Opinions of Dr. Long. Response due by 1/5/2024. Reply due by 1/12/2024. (jmd, COURT STAFF) (Filed on 12/28/2023) (Entered: 12/28/2023) |
| 12/28/2023 | <u>174</u> | **ORDER GRANTING <u>173</u> STIPULATION EXTENDING TIME FOR BRIEFING RE <u>168</u> MOTION TO EXCLUDE TESTIMONY OF MICHAEL PELLEGRINO. Responses due by 1/11/2024. Replies due by 1/18/2024. Signed by Judge William H. Orrick on 12/28/2023. (jmd, COURT STAFF) (Filed on 12/28/2023) (Entered: 12/28/2023)** |
| 01/05/2024 | <u>175</u> | Administrative Motion to File Under Seal Opposition To Plaintiffs Motion To Strike Certain Opinions Of Dr. Long filed by Apple Inc.. (Attachments: # <u>1</u> Declaration of Joy Kete, # <u>2</u> Proposed Order, # <u>3</u> SEALED Apple Inc.s Opposition To Plaintiffs Motion To Strike Certain Opinions Of Dr. Long, # <u>4</u> REDACTED Apple Inc.s Opposition To Plaintiffs Motion To Strike Certain Opinions Of Dr. Long, # <u>5</u> Exhibit A, # <u>6</u> Exhibit B, # <u>7</u> Exhibit C, # <u>8</u> Exhibit D, # <u>9</u> Exhibit E, # <u>10</u> Certificate/Proof of Service)(Kete, Joy) (Filed on 1/5/2024) Modified on 1/8/2024 (anj, COURT STAFF). (Entered: 01/05/2024) |
| 01/05/2024 | <u>176</u> | OPPOSITION/RESPONSE (re <u>159</u> MOTION to Strike Certain Opinions of Dr. Long ) filed by Apple Inc.. (Attachments: # <u>1</u> Declaration of Joy Kete, # <u>2</u> Exhibit A (Placeholder), # <u>3</u> Exhibit B (Placeholder), # <u>4</u> Exhibit C (Placeholder), # <u>5</u> Exhibit D, # <u>6</u> Exhibit E (Placeholder), # <u>7</u> Exhibit F (Placeholder), # <u>8</u> Exhibit G)(Kete, Joy) (Filed on 1/5/2024) Modified on 1/8/2024 (anj, COURT STAFF). (Entered: 01/05/2024) |
| 01/11/2024 | <u>177</u> | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed re Brief in Opposition to Motion to Exclude Testimony from Plaintiff's Damages Expert Michael Pellegrino filed by R.N Nehushtan Trust Ltd.. (Attachments: # <u>1</u> Declaration of John L. North re Motion to Seal, # <u>2</u> Proposed Order, # <u>3</u> Unredacted Brief re Opposition to Motion to Exclude Testimony from Plaintiff's Damages Expert Michael Pellegrino, # <u>4</u> Exhibit A – Unredacted Pellegrino Report Excerpts, # <u>5</u> Exhibit B – Unredacted Pellegrino Deposition Excerpts)(North, John) (Filed on 1/11/2024) Modified on 1/11/2024 (anj, COURT STAFF). (Entered: 01/11/2024) |

| | | |
|---|---|---|
| 01/11/2024 | 178 | OPPOSITION/RESPONSE (re 168 MOTION to Strike (To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino) filed byR.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North, # 2 Exhibit A – Placeholder, # 3 Exhibit B – Placeholder, # 4 Exhibit C – Order in 417 Case, # 5 Exhibit D – Verdict in 417 Case, # 6 Exhibit E – Transcript in 417 Case, # 7 Exhibit F – Excerpt from Cole Expert Report, # 8 Exhibit G – 417 Case Appeal Brief Excerpts, # 9 Exhibit H – 855 Case Trial Transcript Excerpt, # 10 Exhibit I – 855 Case Appeal Brief Excerpt, # 11 Exhibit J – 855 Case Trial Transcript Excerpt, # 12 Exhibit K – Counsel Email, # 13 Exhibit L – Order in Apple Case)(North, John) (Filed on 1/11/2024) Modified on 1/11/2024 (anj, COURT STAFF). (Entered: 01/11/2024) |
| 01/12/2024 | 179 | REPLY (re 159 MOTION to Strike Certain Opinions of Dr. Long) filed by R.N Nehushtan Trust Ltd.. (North, John) (Filed on 1/12/2024) Modified on 1/12/2024 (anj, COURT STAFF). (Entered: 01/12/2024) |
| 01/12/2024 | 180 | Administrative Motion to File Under Seal Re Exhibit B to the Prescott Declaration in Support of Motion To Exclude Testimony Of Eric Cole filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order, # 3 Exhibit B (Sealed), # 4 Exhibit B (Redacted), # 5 Certificate/Proof of Service)(Prescott, Katherine) (Filed on 1/12/2024) Modified on 1/12/2024 (anj, COURT STAFF). (Entered: 01/12/2024) |
| 01/12/2024 | 181 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re Exhibit D To Prescott Declaration In Support Of Motion To Exclude Testimony Of Eric Cole filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order, # 3 Exhibit D (Sealed), # 4 Certificate/Proof of Service)(Prescott, Katherine) (Filed on 1/12/2024) Modified on 1/12/2024 (anj, COURT STAFF). (Entered: 01/12/2024) |
| 01/12/2024 | 182 | MOTION to Strike to Exclude Testimony of Eric Cole filed by Apple Inc.. Motion Hearing set for 2/21/2024 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Replies due by 1/26/2024. Responses due by 2/2/2024. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Exhibit A, # 3 Exhibit B (Redacted), # 4 Exhibit C, # 5 Exhibit D (Placeholder), # 6 Exhibit E, # 7 Proposed Order)(Prescott, Katherine) (Filed on 1/12/2024) Modified on 1/12/2024 (anj, COURT STAFF). (Entered: 01/12/2024) |
| 01/12/2024 | 183 | Administrative Motion to File Under Seal re Motion For Summary Judgment filed by Apple Inc.. (Attachments: # 1 Declaration of Joy Kete, # 2 Proposed Order, # 3 SEALED Motion for Summary Judgment, # 4 REDACTED Motion for Summary Judgment, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit E, # 9 Exhibit F, # 10 Exhibit G, # 11 Certificate/Proof of Service)(Kete, Joy) (Filed on 1/12/2024) Modified on 1/16/2024 (anj, COURT STAFF). (Entered: 01/12/2024) |
| 01/12/2024 | 184 | Notice of Motion and Motion for Summary Judgment filed by Apple Inc.. Motion for Summary Judgment Hearing set for 2/21/2024 02:00 PM in San Francisco, Courtroom 02, 17th Floor before Judge William H. Orrick. Responses due by 1/26/2024. Replies due by 2/2/2024. (Attachments: # 1 Declaration of Joy Kete, # 2 Exhibit A (Placeholder), # 3 Exhibit B (Placeholder), # 4 Exhibit C (Placeholder), # 5 Exhibit D, # 6 Exhibit E (Placeholder), # 7 Exhibit F (Placeholder), # 8 Exhibit G (Placeholder), # 9 Exhibit H, # 10 Proposed Order)(Kete, Joy) (Filed on 1/12/2024) Modified on 1/16/2024 (anj, COURT STAFF). (Entered: 01/12/2024) |
| 01/17/2024 | 185 | ADMINISTRATIVE MOTION to Enforce the Court's Scheduling Order filed by R.N Nehushtan Trust Ltd.. Responses due by 1/22/2024. (Attachments: # 1 Declaration of John L. North, # 2 Proposed Order)(North, John) (Filed on 1/17/2024) (Entered: 01/17/2024) |
| 01/17/2024 | 186 | JOINT CASE MANAGEMENT STATEMENT filed by R.N Nehushtan Trust Ltd. and Apple Inc.. (North, John) (Filed on 1/17/2024) Modified on 1/17/2024 (anj, COURT STAFF). (Entered: 01/17/2024) |
| 01/17/2024 | | (Court only) ***Deadlines terminated. 186 Joint Case Management Statement filed by R.N Nehushtan Trust Ltd., Apple Inc.. (anj, COURT STAFF) (Filed on 1/17/2024) (Entered: 01/17/2024) |

| 01/18/2024 | 187 | CLERKS NOTICE RESETTING ZOOM HEARING – Case Management Conference and Motion Hearing re: 159 Motion to Strike reset for 2/21/2024 02:00 PM (to coincide with the hearing on 184 Motion for Summary Judgment and 168 , 182 Motions to strike or exclude. Supplemental Case Management Statement due by 2/14/2024. This proceeding will be held via Zoom webinar.<br><br>**Webinar Access:** All counsel, members of the public, and media may access the webinar information at https://www.cand.uscourts.gov/who<br><br>**General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited.<br><br>**Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/.<br><br>*(This is a text−only entry generated by the court. There is no document associated with this entry.)* (jmd, COURT STAFF) (Filed on 1/18/2024) Modified on 2/13/2024 to include additional motions set for hearing 2/21/2024 (jmd, COURT STAFF). (Entered: 01/18/2024) |
|---|---|---|
| 01/18/2024 | 188 | Statement in support of R.N. Nehushtan Trust LTD.'s Admin Motion to consider whether Apple's material should be sealed re 177 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed re Brief in Opposition to Motion to Exclude Testimony from Plaintiff's Damages Expert Michael Pellegrino by Apple Inc.. (Prescott, Katherine) (Filed on 1/18/2024) Modified on 1/18/2024 (anj, COURT STAFF). (Entered: 01/18/2024) |
| 01/18/2024 | 189 | Administrative Motion to File Under Seal *Apple Inc.'s Reply In Support Of Its Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino* filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Proposed Order, # 3 SEALED Apple Inc.s Reply In Support Of Its Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino, # 4 REDACTED Apple Inc.s Reply In Support Of Its Motion To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino, # 5 Certificate/Proof of Service)(Prescott, Katherine) (Filed on 1/18/2024) (Entered: 01/18/2024) |
| 01/18/2024 | 190 | REPLY (re 168 MOTION to Strike *(To Exclude Testimony From Plaintiffs Damages Expert Michael Pellegrino )* *(REDACTED)* filed byApple Inc.. (Prescott, Katherine) (Filed on 1/18/2024) (Entered: 01/18/2024) |
| 01/22/2024 | 191 | STIPULATION WITH PROPOSED ORDER re Extending Time for Briefing Regarding Opposition to Motion for Summary Judgment and Opposition to Motion to Exclude Certain Opinions of Dr. Eric Cole filed by R.N Nehushtan Trust Ltd. and Appla Inc.. (Attachments: # 1 Declaration of John L. North, # 2 Proposed Order)(North, John) (Filed on 1/22/2024) Modified on 1/23/2024 (anj, COURT STAFF). (Entered: 01/22/2024) |
| 01/22/2024 | 192 | OPPOSITION/RESPONSE (re 185 ADMINISTRATIVE MOTION to Enforce the Court's Scheduling Order ) filed by Apple Inc.. (Attachments: # 1 Declaration of Katherine D. Prescott, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D)(Prescott, Katherine) (Filed on 1/22/2024) Modified on 1/23/2024 (anj, COURT STAFF). (Entered: 01/22/2024) |
| 01/22/2024 | 193 | **ORDER GRANTING 191 STIPULATION EXTENDING TIME FOR BRIEFING REGARDING 184 MOTION FOR SUMMARY JUDGMENT AND 182 MOTION TO EXCLUDE CERTAIN OPINIONS OF DR. ERIC COLE. Responses due by 1/31/2024. Replies due by 2/7/2024. Signed by Judge William H. Orrick on 01/22/2024. (jmd, COURT STAFF) (Filed on 1/22/2024) (Entered: 01/22/2024)** |
| 01/22/2024 | 194 | **ORDER DENYING PLAINTIFF'S 185 ADMINISTRATIVE MOTION by Judge William H. Orrick. (jmd, COURT STAFF) (Filed on 1/22/2024) (Entered: 01/22/2024)** |
| 01/26/2024 | 195 | MOTION for leave to appear in Pro Hac Vice ( Filing fee $ 328, receipt number ACANDC−19062115.) filed by Apple Inc.. (Attachments: # 1 Certificate of Good |

| | | |
|---|---|---|
| | | Standing)(Schletzbaum, Ryan) (Filed on 1/26/2024) (Entered: 01/26/2024) |
| 01/26/2024 | 196 | **Order by Judge William H. Orrick granting 195 Motion for Pro Hac Vice by Ryan J. Schletzbaum. (jmd, COURT STAFF) (Filed on 1/26/2024) (Entered: 01/26/2024)** |
| 01/31/2024 | 197 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed re Brief in Opposition to Apple's Motion to Exclude Testimony of Eric Cole filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North re Motion to Seal, # 2 Proposed Order, # 3 UNREDACTED Opposition to Apple's Motion to Exclude Testimony of Eric Cole, # 4 UNREDACTED Ex. B, # 5 UNREDACTED Ex. C, # 6 UNREDACTED Ex. D)(North, John) (Filed on 1/31/2024) Modified on 1/31/2024 (anj, COURT STAFF). (Entered: 01/31/2024) |
| 01/31/2024 | 198 | OPPOSITION/RESPONSE (re 182 MOTION to Strike (to Exclude Testimony of Eric Cole) ) filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North, # 2 Exhibit A, # 3 Exhibit B − Placeholder for Ex. Filed Under Seal, # 4 Exhibit C − Placeholder for Ex. Filed Under Seal, # 5 Exhibit D − Placeholder for Ex. Filed Under Seal, # 6 Exhibit E)(North, John) (Filed on 1/31/2024) Modified on 1/31/2024 (anj, COURT STAFF). (Entered: 01/31/2024) |
| 01/31/2024 | 199 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed re RNN Trust's Opposition to Apple's Motion for Summary Judgment filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North re Motion to Seal, # 2 Proposed Order, # 3 RNN Trust's Opposition to Apple's Motion for Summary Judgment, # 4 Exhibit UNREDACTED Ex. A, # 5 Exhibit UNREDACTED Ex. B, # 6 Exhibit UNREDACTED Ex. C)(North, John) (Filed on 1/31/2024) Modified on 1/31/2024 (anj, COURT STAFF). (Entered: 01/31/2024) |
| 01/31/2024 | 200 | OPPOSITION/RESPONSE (re 184 Notice of Motion and Motion for Summary Judgment ) filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North, # 2 Exhibit A − Placeholder for Ex. Filed Under Seal, # 3 Exhibit B − Placeholder for Ex. Filed Under Seal, # 4 Exhibit C − Placeholder for Ex. Filed Under Seal)(North, John) (Filed on 1/31/2024) Modified on 1/31/2024 (anj, COURT STAFF). (Entered: 01/31/2024) |
| 02/02/2024 | 201 | CLERKS NOTICE SETTING PRE−SETTLEMENT CONFERENCE. A further pre−settlement conference is set for 2/6/2024 at 1:30 PM before Magistrate Judge Alex G. Tse. This proceeding will be held via a non−public Zoom meeting. <br><br> **Zoom Meeting Access:** Information on how to join the conference can be found on the Court's website under the subheading Joining Non−Public Hearings (Settlement Conferences, etc.) at https://www.cand.uscourts.gov/judges/tse−alex−g−agt/ <br><br> **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. <br><br> **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. <br><br> *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (shy, COURT STAFF) (Filed on 2/2/2024) (Entered: 02/02/2024) |
| 02/06/2024 | 202 | **PRETRIAL ORDER. Signed by Judge William H. Orrick on 02/06/2024. (jmd, COURT STAFF) (Filed on 2/6/2024) (Entered: 02/06/2024)** |
| 02/06/2024 | 209 | **Minute Entry for pre−settlement conference held on 2/6/2024 before Magistrate Judge Alex G. Tse. The settlement conference shall be held via Zoom. (Not Reported.)** <br><br> Plaintiff Attorney: John North and Robert Harkins. <br> Defendant Attorney: Roger Denning. <br><br> *(This is a text−only entry generated by the court. There is no document associated with this entry.)* (shy, COURT STAFF) (Date Filed: 2/6/2024) (Entered: 02/08/2024) |

| | | |
|---|---|---|
| 02/07/2024 | <u>203</u> | Statement in support re <u>197</u> Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *re Brief in Opposition to Apple's Motion to Exclude Testimony of Eric Cole by Apple Inc.. (Prescott, Katherine) (Filed on 2/7/2024) Modified on 2/7/2024 (anj, COURT STAFF). (Entered: 02/07/2024)* |
| 02/07/2024 | <u>204</u> | Statement in Support re <u>199</u> Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *re RNN Trust's Opposition to Apple's Motion for Summary Judgment by Apple Inc.. (Prescott, Katherine) (Filed on 2/7/2024) Modified on 2/7/2024 (anj, COURT STAFF). (Entered: 02/07/2024)* |
| 02/07/2024 | <u>205</u> | Administrative Motion to File Under Seal *Re Reply In Support Of Its Motion To Exclude Testimony Of Eric Cole* filed by Apple Inc.. (Attachments: # <u>1</u> Declaration of Katherine D. Prescott, # <u>2</u> Proposed Order, # <u>3</u> SEALED Reply In Support Of Its Motion To Exclude Testimony Of Eric Cole, # <u>4</u> REDACTED Reply In Support Of Its Motion To Exclude Testimony Of Eric Cole, # <u>5</u> Exhibit G, # <u>6</u> Certificate/Proof of Service)(Prescott, Katherine) (Filed on 2/7/2024) (Entered: 02/07/2024) |
| 02/07/2024 | <u>206</u> | REPLY (re <u>182</u> MOTION to Strike *(to Exclude Testimony of Eric Cole)* ) *(REDACTED)* filed byApple Inc.. (Attachments: # <u>1</u> Declaration of Katherine D. Prescott, # <u>2</u> Exhibit F, # <u>3</u> Exhibit G (Placeholder), # <u>4</u> Exhibit H)(Prescott, Katherine) (Filed on 2/7/2024) (Entered: 02/07/2024) |
| 02/07/2024 | <u>207</u> | Administrative Motion to File Under Seal *Reply In Support Of Its Motion For Summary Judgment* filed by Apple Inc.. (Attachments: # <u>1</u> Declaration of Joy Kete, # <u>2</u> Proposed Order, # <u>3</u> SEALED Reply In Support Of Its Motion For Summary Judgment, # <u>4</u> REDACTED Reply In Support Of Its Motion For Summary Judgment, # <u>5</u> Exhibit I, # <u>6</u> Exhibit J, # <u>7</u> Certificate/Proof of Service)(Kete, Joy) (Filed on 2/7/2024) (Entered: 02/07/2024) |
| 02/07/2024 | <u>208</u> | REPLY (re <u>184</u> Notice of Motion and Motion for Summary Judgment ) *(REDACTED)* filed byApple Inc.. (Attachments: # <u>1</u> Declaration of Joy Kete, # <u>2</u> Exhibit I (Placeholder), # <u>3</u> Exhibit J (Placeholder))(Kete, Joy) (Filed on 2/7/2024) (Entered: 02/07/2024) |
| 02/08/2024 | 210 | CLERKS NOTICE CHANGING LOCATION FOR SETTLEMENT CONFERENCE. The parties are hereby notified that the Settlement Conference, which is set for 3/6/2024 at 10:00 AM before Magistrate Judge Alex G. Tse, will be held via a non–public Zoom meeting. Settlement conference statements shall be lodged with the Court no later than 2/28/2024. <br><br> Court Appearances: Advanced notice is required of counsel who wish to be identified by the court as making an appearance or will be participating in the conference. A list of names must be sent to the courtroom deputy at AGTcrd@cand.uscourts.gov no later than 2/28/2024. <br><br> **Zoom Meeting Access:** Information on how to join the conference can be found on the Court's website under the subheading Joining Non–Public Hearings (Settlement Conferences, etc.) at https://www.cand.uscourts.gov/judges/tse–alex–g–agt/ <br><br> **General Order 58.** Persons granted access to court proceedings held by telephone or videoconference are reminded that photographing, recording, and rebroadcasting of court proceedings, including screenshots or other visual copying of a hearing, is absolutely prohibited. <br><br> **Zoom Guidance and Setup:** https://www.cand.uscourts.gov/zoom/. <br><br> *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (shy, COURT STAFF) (Filed on 2/8/2024) (Entered: 02/08/2024) |
| 02/14/2024 | <u>211</u> | Fourth JOINT CASE MANAGEMENT STATEMENT filed by Apple Inc. and R.N Nehushtan Trust Ltd.. (Prescott, Katherine) (Filed on 2/14/2024) Modified on 2/15/2024 (anj, COURT STAFF). (Entered: 02/14/2024) |
| 02/14/2024 | | (Court only) ***Deadlines terminated. <u>211</u> Joint Case Management Statement filed by R.N Nehushtan Trust Ltd., Apple Inc.. (anj, COURT STAFF) (Filed on 2/14/2024) (Entered: 02/15/2024) |

| 02/20/2024 | 212 | *SEALED* Sealed Document – TENTATIVE ORDER ON AND HEARING PROCEDURE FOR DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING DAUBERT MOTIONS. (jmd, COURT STAFF) (Filed on 2/20/2024) (Entered: 02/20/2024) |
|---|---|---|
| 02/21/2024 | 215 | **Minute Entry for proceedings held before Judge William H. Orrick: Motion Hearing and Case Management Conference held on 2/21/2024. Total Time in Court: 1 hour, 8 minutes. Court Reporter: Stephen Franklin. (jmd, COURT STAFF) (Date Filed: 2/21/2024) (Entered: 02/22/2024)** |
| 02/22/2024 | 213 | Administrative Motion to Consider Whether Another Party's Material Should Be Sealed filed by R.N Nehushtan Trust Ltd.. (Attachments: # 1 Declaration of John L. North in Support, # 2 Proposed Order, # 3 UNREDACTED February 21, 2024 Demonstratives)(Harkins, Robert) (Filed on 2/22/2024) (Entered: 02/22/2024) |
| 02/22/2024 | 214 | EXHIBITS re 184 Notice of Motion and Motion for Summary Judgment *(Plaintiff's Demonstratives for Feb. 21, 2024 Motion Hearing)* filed byR.N Nehushtan Trust Ltd.. (Related document(s) 184 ) (Harkins, Robert) (Filed on 2/22/2024) (Entered: 02/22/2024) |
| 02/26/2024 | 216 | Statement re 213 Administrative Motion to Consider Whether Another Party's Material Should Be Sealed *re RNN Trusts Hearing Demonstratives* by Apple Inc.. (Prescott, Katherine) (Filed on 2/26/2024) (Entered: 02/26/2024) |
| 02/27/2024 | 217 | CLERK'S NOTICE VACATING SETTLEMENT CONFERENCE: Pursuant to request by the parties, the settlement conference is vacated and removed from Magistrate Judge Alex G. Tse's 3/6/2024 calendar. *(This is a text–only entry generated by the court. There is no document associated with this entry.)* (shy, COURT STAFF) (Filed on 2/27/2024) (Entered: 02/27/2024) |
| 03/04/2024 | 218 | ADMINISTRATIVE MOTION to Request Copy of Transcript of Under Seal Hearing filed by Apple Inc.. Responses due by 3/8/2024. (Attachments: # 1 Proposed Order)(Prescott, Katherine) (Filed on 3/4/2024) (Entered: 03/04/2024) |
| 03/04/2024 | 219 | TRANSCRIPT ORDER for proceedings held on February 21, 2024 before Judge William H. Orrick by R.N Nehushtan Trust Ltd., for Court Reporter Stephen Franklin. (Harkins, Robert) (Filed on 3/4/2024) (Entered: 03/04/2024) |
| 03/12/2024 | 220 | **ORDER GRANTING DEFENDANT APPLE INC.'S 218 ADMINISTRATIVE MOTION TO REQUEST COPY OF TRANSCRIPT OF UNDER SEAL HEARING by Judge William H. Orrick. (jmd, COURT STAFF) (Filed on 3/12/2024) (Entered: 03/12/2024)** |
| 03/12/2024 | 221 | *SEALED* SEALED DOCUMENT – ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS. (jmd, COURT STAFF) (Filed on 3/12/2024) (Entered: 03/12/2024) |
| 03/12/2024 | | (Court only) ***Civil Case Terminated. (jmd, COURT STAFF) (Filed on 3/12/2024) (Entered: 03/12/2024) |
| 03/13/2024 | 222 | Transcript of Proceedings held on 02/21/2024, before Judge William H. Orrick. Court Reporter/Transcriber Stephen W. Franklin, telephone number (561)313–8439. Per General Order No. 59 and Judicial Conference policy, this transcript may be viewed only at the Clerk's Office public terminal or may be purchased through the Court Reporter/Transcriber until the deadline for the Release of Transcript Restriction. After that date it may be obtained through PACER. Any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. (Re 219 Transcript Order ) Release of Transcript Restriction set for 6/11/2024. (Related documents(s) 219 ) (Franklin, Stephen) (Filed on 3/13/2024) (Entered: 03/13/2024) |
| 03/13/2024 | 223 | Sealed Transcript of Proceedings held on 02/21/2024, before Judge William H. Orrick. Court Reporter/Transcriber Stephen W. Franklin, Telephone number (561)313–8439. Per General Order No. 59 and Judicial Conference policy,any Notice of Intent to Request Redaction, if required, is due no later than 5 business days from date of this filing. Redacted Transcript Deadline set for 4/10/2024. (Franklin, Stephen) (Filed on 3/13/2024) (Entered: 03/13/2024) |

| 03/13/2024 | 224 | TRANSCRIPT ORDER for proceedings held on 2/21/2024 before Judge William H. Orrick by Apple Inc., for Court Reporter Stephen Franklin. (Prescott, Katherine) (Filed on 3/13/2024) (Entered: 03/13/2024) |
|---|---|---|
| 03/13/2024 | 225 | TRANSCRIPT ORDER for proceedings held on February 21, 2024 before Judge William H. Orrick by R.N Nehushtan Trust Ltd., for Court Reporter Stephen Franklin. (North, John) (Filed on 3/13/2024) (Entered: 03/13/2024) |
| 03/13/2024 | 226 | CLERK'S JUDGMENT. (jmd, COURT STAFF) (Filed on 3/13/2024) (Entered: 03/13/2024) |
| 03/17/2024 | | (Court only) TRANSCRIPT COPY DELIVERED re 225 Transcript Order (Related documents(s) 225 ) (Franklin, Stephen) (Filed on 3/17/2024) (Entered: 03/17/2024) |
| 03/27/2024 | 227 | BILL OF COSTS by Apple Inc.. Objections due by 4/10/2024. (Attachments: # 1 Attachment to Bill of Costs (Itemized Costs), # 2 Declaration of Joy Kete, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Kete, Joy) (Filed on 3/27/2024) (Entered: 03/27/2024) |
| 03/30/2024 | | (Court only) TRANSCRIPT COPY DELIVERED re 224 Transcript Order (Related documents(s) 224 ) (Franklin, Stephen) (Filed on 3/30/2024) (Entered: 03/30/2024) |
| 04/10/2024 | 228 | Agreed Amended Bill of Costs by Apple Inc.. Amendment to 227 Bill of Costs *(Agreed)*. (Attachments: # 1 Amended Attachment to Bill of Costs, # 2 Declaration of Karrie Wheatley, Ph.D., # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit Amended C)(Wheatley, Karrie) (Filed on 4/10/2024) Modified on 4/10/2024 (anj, COURT STAFF). (Entered: 04/10/2024) |
| 04/11/2024 | 229 | NOTICE OF APPEAL to the Federal Circuit by R.N Nehushtan Trust Ltd.. Filing fee $ 605, receipt number ACANDC–19311013. Appeal Record due by 5/13/2024. (North, John) (Filed on 4/11/2024) (Entered: 04/11/2024) |
| 04/12/2024 | 230 | NOTICE of Change In Counsel by Steven Grant Hill (Hill, Steven) (Filed on 4/12/2024) (Entered: 04/12/2024) |
| 04/12/2024 | | (Court only) *** Attorney Steven Grant Hill and David K. Ludwig terminated. Per Notice at docket no. 230 . (anj, COURT STAFF) (Filed on 4/12/2024) (Entered: 04/12/2024) |

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: _Kim Means_
Deputy Clerk
Date: ___ May 6, 2024

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

R.N NEHUSHTAN TRUST LTD.,

      Plaintiff,

   v.

APPLE INC.,

      Defendant.

Case No. 22-cv-01832-WHO

**CLAIM CONSTRUCTION ORDER**

Re: Dkt. No. 70

Plaintiff R.N Nehushtan Trust Ltd. ("RNN Trust") and defendant Apple Inc. ("Apple") seek construction of claim terms in two of RNN Trust's patents, which RNN Trust alleges that Apple infringed upon. My construction of the disputed claim terms is set forth below.

## BACKGROUND

RNN Trust holds the rights, title, and interest to U.S. Patent Nos. 9,642,002 ("the '002 Patent") and 9,635,544 ("the '544 Patent"). Compl. [Dkt. No. 1] ¶ 1. The patents are directed to a "cellular communication security technology" preventing the cloning and hacking of devices. *See id.* ¶¶ 8-9. RNN Trust accuses Apple of selling devices—including its well-known and widely used iPhones, iPads, and Apple Watches—that directly infringe on "at least" Claim 17 of the '544 Patent and "at least" Claim 5 of the '002 Patent. *See id.* ¶¶ 15, 19.

Claim 17 of the '544 Patent claims:

> A cellular communication device comprising a processor, a memory and a data mode, said data mode allowing reading and writing of data and changing of settings on said cellular communication device by an active connection;
>
> said settings comprising personal data, device configuration data and technical data relating to said cellular communication device;
>
> said cellular communication device further comprising an access restrictor to restrict use of said data mode in response to a cellular communication device

unique security setting;

wherein said device unique security setting is obtained remotely and provided to the cellular communication device before use of the data mode; said data mode being usable for transfer of icons to the cellular communication device; and

wherein said cellular communication device is associated with a client program for managing a predetermined communication protocol, and carrying out one member of the group consisting of:

setting said cellular communication device into said data mode when said device unique security setting is correct; and

disabling said data mode when said active connection is no longer active.

'544 Patent [Dkt. No. 70-2] 23:45-24:2.

Claim 5 of the '002 Patent claims:

A cellular communication device comprising a processor, a memory and a data mode, said data mode allowing reading and writing of data in said memory and changing of settings on said cellular communication device, said settings comprising personal data, cellular communication device configuration data and technical data relating to the cellular communication device; wherein

said cellular communication device also comprises an access restrictor to restrict use of said data mode in accordance with a device unique security setting, the device unique security setting provided remotely to said cellular communication device using a predetermined security protocol;

said device unique security setting is obtained remotely and provided to the cellular communication device before the data mode is used;

said data mode permits actions comprising uploading, maintaining or replacing an operating system in said cellular communication device that are provided by a cellular provider using an active connection; the device further being configured to carry out one member of the group consisting of:

enabling said cellular communication device to use said data mode when it is determined that said device unique security setting is correct; and

disabling use of said data mode when said active connection is no longer active.

'002 Patent [Dkt. No. 70-1] 22:49-23:8.

## LEGAL STANDARD

Claim construction is a matter of law. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

Claim terms are "generally given their ordinary and customary meaning." *Vitronics*, 90 F.3d at

1582. When determining the proper construction of a claim, a court begins with the intrinsic

evidence of record, consisting of the claim language, the patent specification, and, if in evidence,

the prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005); *see also*

*Vitronics*, 90 F.3d at 1582. "A claim term used in multiple claims should be construed

consistently." *Inverness Med. Switzerland GmbH v. Princeton Biomeditech Corp.*, 309 F.3d 1365,

1371 (Fed. Cir. 2002).

"The appropriate starting point . . . is always with the language of the asserted claim itself."

*Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir. 1998). "[T]he ordinary

and customary meaning of a claim term is the meaning that the term would have to a person of

ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date

of the patent application." *Phillips*, 415 F.3d at 1313. "There are only two exceptions to this

general rule: 1) when a patentee sets out a definition and acts as his own lexicographer, or 2) when

the patentee disavows the full scope of a claim term either in the specification or during

prosecution." *Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012).

"Importantly, the person of ordinary skill in the art is deemed to read the claim term not

only in the context of the particular claim in which the disputed term appears, but in the context of

the entire patent, including the specification." *Phillips*, 415 F.3d at 1313. "Claims speak to those

skilled in the art," but "[w]hen the meaning of words in a claim is in dispute, the specification and

prosecution history can provide relevant information about the scope and meaning of the claim."

*Electro Med. Sys., S.A. v. Cooper Life Scis., Inc.*, 34 F.3d 1048, 1054 (Fed. Cir. 1994) (citations

omitted). "[T]he specification is always highly relevant to the claim construction analysis.

Usually, it is dispositive; it is the single best guide to the meaning of a disputed term." *Vitronics*,

90 F.3d at 1582. "However, claims are not to be interpreted by adding limitations appearing only

in the specification." *Electro Med. Sys.*, 34 F.3d at 1054. "Thus, although the specifications may

well indicate that certain embodiments are preferred, particular embodiments appearing in a

specification will not be read into the claims when the claim language is broader than such

embodiments." *Id.* Conversely, "where . . . the claim language is unambiguous," the Federal

3

Circuit has "construed the claims to exclude all disclosed embodiments." *Lucent Techs., Inc. v. Gateway, Inc.*, 525 F.3d 1200, 1215-16 (Fed. Cir. 2008). "[T]he description may act as a sort of dictionary, which explains the invention and may define terms used in the claims," and the "patentee is free to be his own lexicographer," but "any special definition given to a word must be clearly defined in the specification." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979-80 (Fed. Cir. 1995).

That said, it is a fundamental rule that "claims must be construed so as to be consistent with the specification." *Phillips*, 415 F.3d at 1316. "The construction that stays true to the claim language and most naturally aligns with the patent's description of the invention will be, in the end, the correct construction." *Renishaw PLC v. Marposs Societa' per Azioni*, 158 F.3d 1243, 1250 (Fed. Cir. 1998).

The court may also consider the prosecution history of the patent, if in evidence. *Markman*, 52 F.3d at 980. The prosecution history may "inform the meaning of the claim language by demonstrating how the inventor understood the invention and whether the inventor limited the invention in the course of prosecution, making the claim scope narrower than it would otherwise be." *Phillips*, 415 F.3d at 1317; *see also Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1384 (Fed. Cir. 2005) ("The purpose of consulting the prosecution history in construing a claim is to exclude any interpretation that was disclaimed during prosecution.").

In most situations, analyzing this intrinsic evidence will resolve claim construction disputes. *Vitronics*, 90 F.3d at 1583. However, "it is entirely appropriate . . . for a court to consult trustworthy extrinsic evidence to ensure that the claim construction it is tending to from the patent file is not inconsistent with clearly expressed, plainly apposite, and widely held understandings in the pertinent technical field." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1309 (Fed. Cir. 1999). "Extrinsic evidence consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises." *Markman*, 52 F.3d at 980. All extrinsic evidence should be evaluated in light of the intrinsic evidence. *Phillips*, 415 F.3d at 1319. Courts should not rely on extrinsic evidence in claim construction to contradict the meaning of claims discernible from an examination of the claims,

the written description, and the prosecution history. *Pitney Bowes*, 182 F.3d at 1308 (citing *Vitronics*, 90 F.3d at 1583). While extrinsic evidence may guide the meaning of a claim term, such evidence is less reliable than intrinsic evidence. *Phillips*, 415 F.3d at 1318-19.

### DISCUSSION

The parties sought construction of six terms. *See* Opening Brief [Dkt. No. 70] 1:16-2:19; Responsive Brief [Dkt. No. 71] 5:1-14:20.[1] At the *Markman* hearing, the parties accepted my tentative construction of four of those terms, noted in the chart below. *See* Dkt. No. 81. Because those terms are no longer disputed, this Order focuses on the two terms that remain at issue: "active connection" and "said . . . settings comprising personal data, configuration data and technical data" or "said settings comprising personal data, device configuration data and technical data."

| Term | RNN Trust's Construction | Apple's Construction | Court's Construction |
|------|--------------------------|----------------------|----------------------|
| "device unique security setting" | "a setting that includes or is created using at least one data item unique to a particular device and that, when received by a device, causes an access restrictor of the device to grant access to a data mode" | plain and ordinary meaning or, alternatively, "security setting unique to the device" | "a setting that includes or is created using at least one data item unique to a particular device and grants access to a data mode" |
| "personal data" | plain and ordinary meaning, which is "data relating to a person" | "information relating to an identified or identifiable individual" | "information relating to a particular person" |
| "provided by a cellular provider" | plain and ordinary meaning, which is "sent via a connection with a cellular network" | "supplied by a cellular provider" | "supplied by a cellular provider" |
| "settings" | plain and ordinary meaning, which is "a manner, position, and/or direction in which a device is set, | plain and ordinary meaning | plain and ordinary meaning, which is "a manner, position and/or direction in |

---

[1] RNN Trust initially sought the construction of a seventh term, "client program," but Apple stated in its opposition that it no longer requested its construction. *See* Opening Brief at 1:22-25; Responsive Brief at 1 n.1.

United States District Court
Northern District of California

| | including but not limited to a password" | | which a device is set" |
| --- | --- | --- | --- |

## I.    "active connection"

| RNN Trust's Construction | Apple's Construction | Court's Construction |
| --- | --- | --- |
| plain and ordinary meaning, which is "a communication link that is in operation" | "connection over which there is ongoing exchange of data" | "a communication link that is intermittently exchanging data" |

Claim 17 of the '544 Patent and Claim 5 of the '002 Patent both use the term "active connection." '544 Patent at 23:45-24:2; '002 Patent at 22:49-23:8. The parties agreed at the *Markman* hearing that "connection" refers to a "communication link." The dispute then focuses on what "active" means: whether it requires an "ongoing exchange of data" (as Apple proposes) or implies that the communication link is "in operation" (as RNN Trust contends). The answer lies in the middle. For the reasons that follow, I construe "active connection" to mean "a communication link that is intermittently exchanging data."

### i.    Intrinsic Evidence

Neither party refers to the asserted claims to define "active connection." *See* Opening Brief 8:18-11:2; Responsive Brief 5:2-6:19; Reply [Dkt. No. 75] 1:11-2:24. However, "[t]he appropriate starting point [for claim construction] is always with the language of the asserted claim itself." *Comark*, 156 F.3d at 1186. And the plain language of the asserted claims, Claim 17 of the '544 Patent and Claim 5 of the '002 Patent, is informative.

In Claim 17 of the '544 Patent, "active connection" is introduced in a phrase describing "data mode": "said data mode allowing reading and writing of data and changing of settings on said cellular communication device by an active connection." '544 Patent at 23:46-48. Rephrased, this can be condensed to "said data mode allowing [data and settings transactions] by an active connection." This would imply to a person of ordinary skill in the art that the data mode in some circumstances, if not all, requires an active connection. The last phrase of the claim, "disabling said data mode when said active connection is no longer active," tells the reader that without an active connection, the data mode stops. *See id.* at 24:1-2. Read together, this asserted

United States District Court
Northern District of California

claim would imply to a person of ordinary skill in the art that an active connection is the medium for the data mode to proceed on, and without this medium, the data mode ends. In other words, the data mode requires an active connection.

Claim 5 of the other patent-in-suit gives the same impression. The first mention of "active connection" is in the phrase, "said data mode permits actions comprising uploading, maintaining or replacing an operating system in said cellular communication device that are provided by a cellular provider using an active connection." *Id.* at 22:65-23:1. As before, this can be condensed to: "said data mode permits actions . . . that are provided by a cellular provider using an active connection." *See id.* Put plainly, the data mode uses an active connection. Claim 5 also ends with a phrase that is almost identical to the last phrase in the first asserted claim: "disabling use of said data mode when said active connection is no longer active." *Compare id.* at 23:7-8 *with* '544 Patent at 24:1-2. Each of the two asserted claims indicate that data mode requires an active connection, as shown by their plain language.

Unasserted claims provide more guidance. The Federal Circuit has repeatedly (and recently) explained that "because 'claim terms are normally used consistently throughout the patent,' other claims of the patent, both asserted and unasserted, can provide insight into the meaning of a claim term." *Evolusion Concepts, Inc. v. HOC Events, Inc.*, 22 F.4th 1361, 1365 (Fed. Cir. 2022) (quoting *Phillips*, 415 F.3d at 1314); *see also In re Varma*, 816 F.3d 1352, 1363 (Fed. Cir. 2016) ("[T]he principle that the same phrase in different claims of the same patent should have the same meaning is a strong one, overcome only if it is clear that the same phrase has different meanings in different claims.") (citation and quotation marks omitted).

Apple points to Claim 1 of the '544 Patent to support its construction that "active connection" requires an exchange of data. *See* Responsive Brief at 5:13-19. Apple relies on a phrase in this claim that appears almost verbatim in the asserted Claim 17: "disabling said data mode when said active connection is not active." *See id.* (quoting '544 Patent at 22:26-27).

Apple's reference is persuasive because the term "active connection" is mentioned in several unasserted claims of both patents (Claims 1, 4, 9, 10, 18, and 19 of the '544 Patent and Claims 1, 3, 13, 14, 23, and 24 of the '002 Patent) with consistent phrasing. *See* '544 Patent at

United States District Court
Northern District of California

United States District Court
Northern District of California

21:65-25:15; *see also* '002 Patent at 22:13-25:7.[2]  Like the asserted claims, the unasserted independent claims include the phrase "disabling said data mode when said active connection is not active" or "no longer active."  '544 Patent at 21:65-25:8; '002 Patent at 22:13-24:52.  A person of ordinary skill in the art would read this consistently across the independent claims and conclude that an "active connection" is required to maintain the "data mode."  RNN Trust concedes as much in its reply.  *See* Reply at 2:3-6 ("The patents consider this intermittent data transfer an 'active connection' because it maintains the data mode.") (citing Claim 1 of the '002 Patent).  There is no other meaning that can be derived from this phrase that is common to all claims.[3]

The plain language of the asserted and unasserted claims indicates that an "active connection" is a medium for maintaining the data mode, and that a "data mode" is a set of data exchanges.  Read together, this would imply to a person of ordinary skill in the art that an active connection requires at least some exchange of data.  The parties also agree that the intrinsic evidence shows that an active connection exchanges data.  *See, e.g.*, Reply at 1:25-2:4 ("As Apple points out, the specification explains that 'when a cellular device is connected to the client program, a data packet is sent at regular intervals to prevent the cellular device from exiting DM (Data Mode) and/or resetting.' . . . The patents consider this intermittent data transfer an 'active connection' because it maintains the device in data mode.") (quoting in part '544 Patent at 20:18-21); *see also* Responsive Brief at 5:14-17 ("The parties agree that when a cellular communication device is in 'data mode' it functions in an 'operation state' that 'permits the reading and writing of device data and the changing of device settings' over a connection. . .  To put it another way, while in data mode, an ongoing exchange of data occurs.") (quoting Joint Claim Construction

---

[2] Of the unasserted claims mentioning "active connection" in the '544 Patent, Claims 5, 9 and 10 are dependent on Claim 1, but the others are independent.  *See* '544 Patent at 21:65-25:8.  Of the unasserted claims mentioning "active connection" in the '002 Patent, Claims 3, 13, 14, and 23 are dependent on Claim 1, but Claims 1 and 24 are independent.  *See* '002 Patent at 22:13-24:52.

[3] Additional phrases used when mentioning "active connection" in some of these unasserted claims do not appear consistently like the "disabling" phrase does.  *See, e.g.*, '544 Patent at 23:15-17 (reciting an "active connection" that is "identified via said unique security setting"); '544 Patent at 24:37-46 (reciting "a server using an active connection").  These additional and often-unique phrases would not help a person of ordinary skill in the art to apply the principle of consistent interpretation to understand "active connection," especially in the asserted claims.

Statement [Dkt. No. 60] at 2:8-9)). They only disagree as to the frequency of that exchange—whether it is "ongoing," as Apple argues, or "intermittent" but "in operation" as RNN Trust contends. *See* Responsive Brief at 5:12-22; Reply at 1:25-2:10.

Apple argues that "in operation" is too broad because it could encompass establishing a connection, which Apple contends is distinct from an "active connection." *See* Responsive Brief at 5:23-6:16. It first points to an excerpt from the prosecution history, which states in relevant part that "[w]hat is claimed is a new inventive technological way of establishing the connection in the first place prior to any transfer of data." *See id.*, Ex. 1 at 11-12. But there is no support in the claims themselves for distinguishing an "active connection" from "establishing a connection," as Apple contends this excerpt shows. *See id.* at 5:23-6:11. "Connection" is mentioned in the claims with the term "active connection," never without this modifier. *See, e.g.*, '544 Patent at 21:65-22:27 (mentioning "connection" only as "active connection" and doing so three times). There is no separate step claimed in either patent for establishing a connection.

Further, none of Apple's proffered specification excerpts support a distinction between establishing and maintaining an "active connection." Instead, they imply—like the claims—that an "active connection" is required for data mode. For example, Apple notes that because "the cellular device is only able to enter data mode when a connection is present to the given server," establishing a connection is separate from an active connection. *See* Responsive Brief at 5:24-6:2 (quoting '544 Patent at 8:5-7). But this statement from the specification creates no such distinction. Instead, it tells the reader only that a "connection" is required for "entering data mode;" "a connection is present" could include both establishing a connection and maintaining an active one. *See* '544 Patent at 8:5-7. Apple attempts to show that "active connection" requires "ongoing" data exchange with a false dichotomy between establishing and maintaining the connection that is not supported by the intrinsic evidence.

Importantly, both RNN Trust and Apple agree that the data exchange is at least intermittent. *See, e.g.*, Responsive Brief at 5:17-18 ("while in data mode, an ongoing exchange of data occurs"); *see also* Reply 2:1-10 ("The patents consider this intermittent data transfer an 'active connection' because it maintains the device in data mode."). However, a construction of

1    "active connection" that uses "in operation" would not resolve the disputed nature of the term

2    because "in operation" could include both "intermittent" or "ongoing" data exchange.  RNN

3    Trust's use of the phrase "in operation" thus supports the very construction that it contends is not

4    supported by the intrinsic evidence: Apple's construction of "active" to mean "ongoing" data

5    exchange.

6        In sum, the intrinsic evidence would guide a person of ordinary skill in the art to

7    understand an "active connection" to require an intermittent though not "ongoing" data exchange.

8                    **ii.        Extrinsic Evidence**

9        RNN Trust primarily uses dictionary definitions to support a "plain and ordinary"

10   construction of "active connection" as "a communication link that is in operation."  Opening Brief

11   at 8:26-9:13.  Though one of RNN Trust's definitions is inapplicable to the disputed term, a

12   person of ordinary skill in the art would find some meaning for an "active connection" in the non-

13   technical dictionaries that RNN Trust introduces that is consistent with the intrinsic evidence.

14       RNN Trust largely relies on Microsoft Computer Dictionary definitions to construct

15   "active connection."  *See id.* at 9:1-10.  RNN Trust reads portions of these definitions—"active"

16   meaning "currently operational" and "connection" meaning "[a]. . . link. . . between two or more

17   communication devices"—to mean "a communication link that is in operation."  *See id.*  But RNN

18   Trust's reliance on this particular dictionary is misplaced.  Although the Federal Circuit has

19   explained that extrinsic evidence can provide a person of ordinary skill in the art "widely held

20   understandings in the pertinent technical field," computing and telecommunications are distinct

21   fields.  *See Pitney Bowes, Inc.*, 182 F.3d at 1309.  The asserted technology is a "cellular device

22   security apparatus and method," not a form of personal computing, which the Microsoft Computer

23   Dictionary focuses on.  *See* '544 Patent at 1.  The image of a computer cursor is prominent on the

24   dictionary's cover.  *See* Opening Brief, Ex. C at 1.  The cover also promises "[d]efinitive coverage

25   of hardware, software, the Internet, and more."  *See id.*  This suggests that the dictionary was

26   focused on computing rather than cellular device security.  Moreover, the parties' primary

27   disagreement is whether an "active connection" involves any or ongoing exchange of data, and

28   whether such an exchange conforms with the claim and specification language.  The Microsoft

United States District Court
Northern District of California

                                    10

1    Computer Dictionary definitions do not shed light on this. *See Paragon Sols., LLC v. Timex*

2    *Corp.*, 566 F.3d 1075, 1092 (Fed. Cir. 2009) (finding that a Microsoft Computer Dictionary

3    definition "shed[] no light" on the disputed nature of the term, which was whether in an exercise

4    monitoring system's recitation of "displaying real time data," "real-time" meant "'instantaneous'

5    or, if not, how much of a delay is permissible").

6        For example, if I replaced "active connection" in the phrase "disabling said data mode

7    when said *active connection* is no longer active" with RNN Trust's construction, "disabling said

8    data mode when said *communication link that is in operation* is no longer active," the reader

9    would not have a better understanding of the data exchange frequency during an active

10   connection. *See* '002 Patent at 22:36-37 (emphasis added). The only definition of "active

11   connection" that the claims make clear is that it is required for the data mode. In this light, the

12   claim language modified using RNN Trust's construction is incongruent with its argument that the

13   data exchange is intermittent and not ongoing; "in operation" would include both intermittent and

14   ongoing data exchange. Separately, RNN Trust has not offered additional technical dictionaries to

15   validate its reliance on Microsoft's. For these reasons, I do not find the Microsoft Computer

16   Dictionary a useful extrinsic source for construing "active connection."

17       Moreover, RNN Trust's proposed construction does not impart any additional meaning to

18   the word "active." If I again replace the claim language ("disabling said data mode when said

19   *active connection* is no longer active") with RNN Trust's construction ("disabling said data mode

20   when said *communication link that is in operation* is no longer active"), when the connection is no

21   longer "active" the connection would cease to be "in operation," but a person of ordinary skill in

22   the art has no understanding of what either of those broad terms mean in the context of this

23   invention. A jury trying to understand the invention according to the claims would not be helped

24   by RNN Trust's construction of "active" because "in operation" is synonymous to the point of not

25   providing any meaning. *See, e.g.*, *Merck & Co. v. Teva Pharms. USA, Inc.*, 395 F.3d 1364, 1372

26   (Fed. Cir. 2005) ("A claim construction that gives meaning to all the terms of the claim is

27   preferred over one that does not do so.")

28       However, the other extrinsic sources RNN Trust provides—nontechnical dictionaries—

United States District Court
Northern District of California

11

would help inform a person of ordinary skill in the art. RNN Trust also offers Webster's II Dictionary's definitions of "active" and "connection" in support of its construction. *See* Opening Brief at 9:10-15. RNN Trust relies on the eighth definition offered by Webster's II for "active," perhaps because it is marked as pertaining to "Computer Sci[ence]." *See id.* at Ex. D at 3. This defines "active" as "[r]elating to a file, device, or display that is currently operational and ready to receive input <an active window>[.]" *See id.* A person of ordinary skill in the art would understand that, in the context of the asserted patents, a "connection" is not a "file, device, or display" and that instead, an "active connection" is a kind of medium for data exchange. An ordinary artisan would thus be skeptical that this definition applies to the invention and instead place more weight on other Webster's II definitions of "active": (1) "In action; moving"; (2) "Capable of functioning"; (3) "Causing action or change"; (4) "Participating"; (5) "In a state of action"; (6) "Energetic; lively"; and (7) "Expressing action rather than a state of being." *See id.*[4]

Combining the common definitions from Webster's II, a person of ordinary skill in the art would understand "active connection" to mean "a communication link" that is "in action." But construing "in action" to mean "ongoing" or "in operation" would "contradict the meaning of claims discernible from thoughtful examination of the claims, the written description, and the prosecution history" discussed earlier. *See Pitney Bowes*, 182 F.3d at 1308 (citing *Vitronics*, 90 F.3d at 1583). As I have explained, the intrinsic evidence shows that an "active connection" is a medium that maintains the data mode, which the parties agree is, at minimum, a series of intermittent data exchanges.

If I replace "active connection" with "a communication link that is intermittently exchanging data" in the phrase, "disabling said data mode when said *active connection* is no longer active," the claim reads as "disabling said data mode when said *communication link that is intermittently exchanging data* is no longer active." *See* '002 Patent at 22:36-37 (emphasis added). This construction tells the reader that "active" means an intermittent data exchange, which is consistent with the intrinsic and extrinsic evidence. Therefore, I conclude that a person

---

[4] The ninth definition, "[b]eing on full military duty and full pay," is plainly inapplicable here. *See* Opening Brief, Ex. D at 3.

United States District Court
Northern District of California

of ordinary skill in the art would understand the term "active connection" to be "a communication link that is intermittently exchanging data."

**II.** **"said . . . settings comprising personal data, configuration data and technical data" / "said settings comprising personal data, device configuration data and technical data"**

| RNN Trust's Construction | Apple's Construction | Court's Construction |
|---|---|---|
| plain and ordinary meaning, when the terms personal data, configuration data/device configuration data and technical data are properly construed as set forth above, which constructions and supporting evidence is incorporated herein by reference[5] | plain and ordinary meaning, which is "said . . . settings including one each of personal data, configuration data, and technical data" or "said settings including one each of personal data, device configuration data, and technical data" | "said . . . settings including but not limited to personal data, configuration data and technical data" / "said settings including but not limited to personal data, device configuration data and technical data" |

In reciting what the data mode allows ("reading and writing of data in said memory and changing of settings on said cellular communication device"), Claim 5 of the '002 Patent uses the term "said settings comprising personal data, cellular communication device configuration data and technical data." *See* '002 Patent at 22:49-55. Claim 17 of the '544 Patent uses almost identical language: "said settings comprising personal data, device configuration data and technical data." *See* '544 Patent at 23:49-51. The parties dispute whether the settings must include "one each" of the three categories—personal data, configuration data (or cellular communication device configuration data), and technical data—or whether only one will do.

RNN Trust contends that the issue is with the word "comprising," which it argues is

---

[5] It appears that RNN Trust erroneously listed "technical data" twice in its proposed construction. *See* Opening Brief at 18:9-14. I have replaced the first "technical data" with "personal data" in accordance with the claim language.

Although the term "personal data" initially required construction, the parties agreed upon the construction of "configuration data/device configuration data" and "technical data," as alluded to in RNN Trust's proposed construction. *See* Joint Claim Construction Statement at 2:4-13. "Configuration data / device configuration data" is construed as "data relating to how a device is set up to operate." *Id.* "Technical data" is construed as "information relating to the technical features of the cellular communication device." *Id.*

United States District Court
Northern District of California

United States District Court
Northern District of California

1  "perhaps the most well-understood and least controversial term in all of patent law."  Opening

2  Brief at 18:16-20.  It then cites *CIAS, Inc. v. Alliance Gaming Corp.*, 504 F.3d 1356, 1360 (Fed.

3  Cir. 2007), where the Federal Circuit stated that "[i]n the patent claim context the term

4  'comprising' is well understood to mean 'including but not limited to.'"

5        Apple disagrees, arguing that the dispute turns on the word "and."  Responsive Brief at

6  12:6.  According to Apple, a person of ordinary skill in the art would understand that to infringe

7  the patents, "the cellular communication device must allow for the changing of *one of each* of the

8  three recited settings: personal data, device configuration data *and* technical data."  *Id.* at 12:6-8

9  (emphasis in original).  In support, it relies on the language of Claim 1 of the '002 Patent, along

10  with the specification.  *See id.* at 12:12.  If the scope of the claim language was intended to be

11  broad, Apple argues, it would have used "or" rather than "and."  *See id.* at 12:15-19 (citing

12  *SkinMedica, Inc. v. Histogen Inc.*, 727 F.3d 1187, 1199 (Fed. Cir. 2013) ("The disjunctive 'or'

13  plainly designates that a series describes alternatives.")).  Apple then points to two portions of the

14  '544 Patent's specification, which it contends shows that the patent "is not directed to protecting

15  an individual type of information" but instead "multiple types of information on the device," and

16  that construing the term "to protect only one type of information would depart from the purpose of

17  the invention."  *See id.* at 12:19-13:2 (citing '544 Patent at 1:20-42, 2:51-67).

18        RNN Trust has the better argument, as evidenced by the claims' plain language and

19  supported by the specification.  "Comprising" is understood to be a broad term, one that is

20  "inclusive or open-ended and does not exclude additional, unrecited elements or  method steps."

21  *See CIAS*, 504 F.3d at 1360 (citing cases); *see also Sensor Elec. Tech., Inc. v. Bolb, Inc.*, No. 18-

22  CV-05194-LHK, 2019 WL 4645338, at *11 (N.D. Cal. Sept. 24, 2019) ("In patent law, it is

23  axiomatic that use of the word 'comprising' or derivatives thereof, like 'comprises,' in the

24  preamble of a patent claim 'is well understood to mean including but not limited to.'  A patent

25  claim using 'comprises' can explicitly disclose various claim elements, but does not preclude the

26  inclusion of additional, unrecited elements in the claim.") (citing *CIAS*, 504 F.3d at 1360).  The

27  Federal Circuit's comparison to the word "consisting" in *CIAS* is helpful in understanding the

28  meaning of "comprising."  There, the court distinguished the open-ended nature of "comprising"

with "consisting of," which it described as "closed-ended" and conveying "limitation and exclusion." *See CIAS*, 504 F.3d at 1361 (citing cases). The key distinction is that "comprising" is broader than "consisting"; the former "does not exclude additional, unrecited elements," while the latter "contains only what is expressly set forth in the claim." *See id.* at 1360-61 (citing cases).

Given the axiomatic understanding of "comprising" in patent law, a person of ordinary skill in the art would understand it to mean "including but not limited to" when reading the patents' claims. *See id.* at 1360. Claim 5 of the '002 Patent can be read as "said settings *including but not limited to* personal data, cellular communication device configuration data and technical data." *See* '005 Patent at 22:49-55 (emphasis added). Likewise, Claim 17 of the '544 Patent can be read as "said settings *including but not limited to* personal data, device configuration data and technical data." *See* '544 Patent at 23:49-51 (same). Had the patentee intended for the settings to include one each of those listed, she would have used a closed-ended term that conveyed limitation, such as "consisting." Asserted and unasserted claims in both patents use the term "consisting," indicating that the patentee knew an alternative to "comprising" was available. *See, e.g.,* '002 Patent at 22:65-23:8 ("the device further being configured to carry out one member of the group consisting of" and then listing elements), 23:9-14 ("one member of the group consisting of a software setting, a coding configuration for data read or data write instructions, a dynamic password, and a one-time password"); *see also* '544 Patent at 23:61-24:2 ("carrying out one member of the group consisting of" and then listing elements); 25:9-15 ("said predetermined communication protocol comprising one member of the group consisting of: a specified sequence of communication packets, and a specified structure of communication packets"). Although the patentee could have reinforced the open-ended nature of "comprising" by using "or" rather than "and," the alternatives indicated by the use of the word "or" are already found within "comprising." *See SkinMedica*, 727 F.3d at 1199.

At the *Markman* hearing, Apple conceded that "comprising" means "including but not limited to." It then argued that the term requires that all three settings be capable of being changed while in data mode.

I am not convinced that this falls within the ambit of the disputed term. Apple essentially

15

takes issue with *other* language in the asserted claims—essentially, the meaning of the term "said data mode allowing reading and writing of data . . . and *changing of settings* on said cellular communication device." *See* '002 Patent at 22:50-52; '544 Patent at 23:46-48 (emphasis added). Although the disputed term seeks to define what those settings are, it does not encompass what the *changing* of those settings entails. RNN Trust neatly summed up the problem at the hearing, in describing Apple's argument as "trying to go on the other side of the comma" in the language of the asserted claims.

As RNN Trust notes, "the claim language conspicuously excludes a requirement that personal data, device configuration data, and technical data must each be changeable." *See* Reply at 8:22-9:11. Reading that language, the data mode must allow the changing of settings on a cellular communication device, which include but are not limited to personal data, device configuration data (or cellular communication device configuration data), and technical data. *See* '005 Patent at 22:49-55; '544 Patent at 23:49-51. The claim language does not expressly state that one of each of these categories must be changed or capable of being changed. Commonsense supports this as well: if "comprising" means "including but not limited to" and "does not exclude additional, unrecited elements," as the Federal Circuit has stated, it does not follow that each of the enumerated examples must be capable of being changed. *See CIAS*, 504 F.3d at 1360-61.

According to Apple, the specification explains that the invention's purpose is to "prevent hacking a cellular device to obtain sufficient information to make a copy of a phone such that 'the destination device [is] identical to the source device with regards to the cellular network.'" *See* Responsive Brief at 12:19-22 (citing in part '544 Patent at 1:20-42). Apple then contends that the patent "is not directed to protecting an individual type of information," but "seeks to broadly protect multiple types of information on the device." *Id*. at 12:22-23. I agree. The common abstract states that "[a] cellular communication device has one or more access modes which allow reading and writing of data, for example, to change its settings, for example passwords and even the entire operating system." *See* '544 Patent at Abstract; '002 Patent at Abstract. A person of ordinary skill in the art would understand these examples of "settings" to be far-ranging, from passwords to the device's entire operating system. The problem is, if I were to adopt Apple's

construction, the settings (and information contained within) would be protected only if they included "one each" of personal data, configuration data, and technical data. This inherently limits the information protected; if personal data could be changed but configuration data could not, under Apple's construction the settings would not be protected.

For these reasons, I reject Apple's proposed construction and adopt a modified version of RNN Trust's. I construe "said . . . settings comprising personal data, configuration data and technical data" or the alternative, "said settings comprising personal data, device configuration data and technical data" to mean "said . . . settings *including but not limited to* personal data, device configuration data and technical data." There is no requirement within this phrase that one of each of these types of settings be changed.

## CONCLUSION

The claims are construed as stated above.

**IT IS SO ORDERED.**

Dated: April 4, 2023

William H. Orrick
United States District Judge

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.

ATTEST:
MARK B. BUSBY
Clerk, U.S. District Court
Northern District of California

by: *Kim Means*
Deputy Clerk
Date: May 6, 2024

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

R.N NEHUSHTAN TRUST LTD.,

        Plaintiff,

    v.

APPLE INC.,

        Defendant.

Case No. 22-cv-01832-WHO

**JUDGMENT IN A CIVIL CASE**

Re: Dkt. No. 221

       Pursuant to the Order Granting Defendant's Motion for Summary Judgment on All Claims, Judgment is accordingly entered.

Dated: March 13, 2024

Mark B. Busby, Clerk

*Jean M. Davis*

By: Jean M. Davis, Deputy Clerk